No. 9933.

ROMEO v. DOWNER AS MANAGER OF SAFETY, ETC., ET AL.

Decided November 8, 1920.

Application for writ of habeas corpus.

*Writ Denied.*

1. CRIMINAL LAW—*Right to Bail After Conviction and Before Sentence.* Section 19 of the Bill of Rights, relating to bail, does not give a defendant an absolute right to bail after conviction and before sentence, this being a matter within the discretion of the trial court.

*Original Proceeding.*

Mr. B. F. REED, Mr. ROBERT W. STEELE, JR., Mr. CLARENCE M. HAWKINS, for petitioner.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES ROACH, deputy, Mr. B. M. McMULLIN, assistant, for respondents.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE petitioner has applied to this court for an original writ of *habeas corpus,* alleging that one Angelo F. Romeo is in jail, and restrained of his liberty in violation of his right to bail, which is guaranteed by Section 19 of the Bill of Rights. Said section is as follows:

"That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great."

The said Angelo Romeo was convicted by a jury of the second judicial district of voluntary manslaughter; and upon the return of the verdict, he was given in charge to the said defendant in error, who confined him in the county jail. Thereafter, application was made to the district court to admit the accused to bail pending the determina-

tion of a motion for a new trial. The court denied the application upon the ground that it was a rule in the second district that, after verdict and pending a motion for a new trial, the defendant would not be admitted to bail.

The petitioner contends that under said section of the Bill of Rights, the petitioner is bailable as a matter of right until sentenced. It does not appear that this question has been determined by this court. There is considerable conflict of authority upon the question of bail after conviction and prior to sentence. Several states have statutes on the question. The weight of authority, however, supports the rule that constitutional provisions, like that now in question, do not give a defendant an absolute right to bail; but that it is a matter of discretion with the trial court. We are of the opinion that the cases thus holding have given a proper construction to the language of the constitution. The petitioner therefore has no right to the writ and the petition will be denied. Accused persons bailable before trial, having no absolute right to be admitted to bail after conviction should be admitted to bail "with great caution and only where the extraordinary or peculiar circumstances of the case render it right and proper." 6 C. J. p. 966. The burden of showing such circumstances is, of course, on the accused.

Writ denied.