No. 17,678.

Arthur Lujan Trujillo *v.* District Court of
Weld County, et al.
(282 P. [2d] 703)

Decided April 26, 1955.

Mr. Earl J. Hower, Mr. Harold H. Harrison, for petitioner.

Mr. M. E. H. Smith, for respondents.

*En Banc.*

Mr. Justice Lindsley delivered the opinion of the Court.

THIS is an original proceeding praying for a rule upon respondents to show cause why petitioner should not be released on bond after jury verdict and pending disposition of the case upon motion for new trial.

Petitioner alleges he was charged in information with a misdemeanor, involuntary manslaughter growing out of a vehicular-pedestrian accident; that bail was set at $2,000.00; that upon posting recognizance bond he was released from custody; that two sureties pledged property in excess of $5,000.00 each; that upon return of a verdict of guilty to involuntary manslaughter the court, without any request from sureties or the District Attorney, ordered petitioner remanded to custody of the sheriff and discharged the bondsmen.

Petitioner's attorney moved the court that bond be continued and petitioner allowed to remain at liberty thereon until disposition of motion for new trial; this was denied.

The undisputed evidence adduced at the trial showed that petitioner had been employed by Bussard Bus Company as an operator of their buses since about December, 1953; that petitioner resided in Greeley, Colorado, all of his life; namely, over nineteen years; that at the time of the accident the petitioner was eighteen years of age; that he has resided with his parents in Greeley, Colorado, for nineteen years; that petitioner attended the public schools in Greeley, Colorado, through the eighth grade; that he was employed prior to and at the time of his trial; that not a scintilla of evidence against the reputation and character of the petitioner was brought out or set forth in the entire record taken during the trial.

Upon petition this Court issued an order to show cause and in compliance therewith the respondents filed identical answers, in which none of the facts alleged in petitioner's petition were denied, and in which they argue that admission of petitioner to bond after verdict and pending disposition of the case upon motion for new

430

trial was, under the statute involved, discretionary with the trial court, alleging affirmatively that the discretion exercised by the court in this case was to-wit:

"That it has been the policy of respondent, Donald A. Carpenter, as Judge of the County Court of Weld County, State of Colorado, prior to his election to the District Court and as a Judge of the District Court to refuse all bonds after convictions of manslaughter or a felony and prior to sentence, which policy is pursuant to the caution heretofore directed by this Honorable Court in *Romeo v. Downer,* 69 Colo. 281, 193 Pac. 551. That this policy is the accepted policy of the District Court of the Eighth Judicial District, State of Colorado, at the present time and that this petitioner, Arthur Lujan Trujillo, was treated by the Court in the same manner as any defendant appearing before said Court."—page 2 of respondents' answer to rule to show cause.

The statute involved is C.R.S. '53, 39-2-19:

"Continuance — recognizance — recognizance to remain in effect. — When a person charged with a criminal offense in any court of record or before any justice of the peace or against whom any criminal complaint shall have been filed in any court or tribunal of this state, shall give bond or be released upon any recognizance, the court, justice of the peace or other tribunal before whom such cause may be pending, shall have the right to continue such cause from time to time and such bond or recognizance shall at all times remain in effect and shall bind the parties thereto until the final disposition of the case and in the event of conviction until sentence has been imposed and no other bond or recognizance shall be necessary or required during such time."

The purpose of the statute passed in 1935 was to authorize the court to exercise discretion rather than follow a fixed policy and to permit the recognizance provided in 39-2-17 to remain in effect, without the necessity of a new bond, after conviction and until disposition of the case in the trial court. The respondents claim

this power to admit to bail after verdict of guilt is discretionary with the trial court, citing *Romeo v. Downer*, 69 Colo. 281, 193 Pac. 551, decided before the enactment of this statute, and also many cases from other jurisdictions.

Assuming respondents' contention herein be correct, it is obvious that it defeats itself, and that respondent Carpenter had not exercised his discretion. In the answer to rule to show cause respondents state that, regardless of the facts and attendant circumstances, it is their policy to refuse all bonds after verdicts of guilt in felonies or manslaughter cases, thus foregoing and making useless and futile any investigation, appraisal or hearing whether based upon facts adduced upon the trial or otherwise.

Upon the facts alleged in the petition, undenied in the answer, it is the order of this Court that respondent Donald A. Carpenter proceed to reinstate the bond on notice to bondsmen.