No. 21193.

C. J. HERBERTSON *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(415 P.2d 53)

Decided May 31, 1966.     Rehearing denied June 27, 1966.

MELLMAN, MELLMAN and THORN, for plaintiff in error.

MARTIN P. MILLER, District Attorney for 18th Judicial District, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error is directed to the judgment of the district court entered upon the forfeiture of a recognizance bond. Plaintiff in error was the surety. We will refer to plaintiff in error as surety. The principal for whom the recognizance was given was one Joseph E. Marand, the defendant in a criminal case, who failed to appear for trial. He will be referred to as Marand.

The chronology of certain hearing dates, continuances and court orders are recited in detail for an understanding of the basis of error committed by the trial court. It follows:

1. Surety posted bond in the district court of Arapahoe County on September 6, 1963, in the penal sum of $1000. The condition of the bond was that Marand would appear in court on the 11th day of December, 1963, for trial.

2. On October 2, 1963, surety filed a "request" with the court — whether oral or written and in what manner and form is not disclosed by the record — which prompted the court to issue the following order:

"And thereupon, upon request of Bondsman, C. J. Herbertson, it is ORDERED by the Court that Clerk of the Court issue an Alias Warrant for defendant's

arrest and return to the State of Colorado; that hearing regarding *bond forfeiture* be set for November 1, 1963 at 10 a.m." (Emphasis supplied.)

3. Nothing was done on November 1st, but on November 15th there is a court order vacating a hearing as of that date and resetting a "hearing regarding bond forfeiture" to December 6, 1963.

4. When the parties appeared on December 6, 1963, the district judge who had entered all previous orders and continuances and who had set the matter for hearing was unavailable, and in his stead the county judge sitting as district judge entered the following:

"And thereupon the Court DOTH ORDER that since trial of the defendant is set for December 11, 1963, *any ruling on forfeiture of the bond* shall be held in abeyance to see if defendant appears for trial. If defendant does not appear, then hearing for forfeiture shall be set for December 12, 1963, at 9 a.m." (Emphasis supplied.)

5. On the 10th day of December, by stipulation of the district attorney and counsel for defendant, the trial date of December 11, 1963, was vacated.

6. On December 11, 1963 — the date on which the trial was originally set — the district attorney and counsel for defendant both appeared in court, and it was agreed "that matter be continued to February 4, 1964."

7. On December 12th surety filed a paper entitled "MOTION TO DISMISS FORFEITURE AND RELEASE SURETY OR IN THE ALTERNATIVE TO EXTRADITE THE DEFENDANT." This was the same day on which "hearing for forfeiture" had been previously set.

What transpired on the 12th of December, *i.e.,* if a hearing was had, or what the nature of the proceeding actually was, does not appear from the record. There was no transcript filed by either party.

It does appear, however, that on December 12th the court entered what was denominated "JUDGMENT ON FINDINGS" which reads:

"The Court having this day *ordered that judgment*

*be entered* herein against defendant, C. J. Herbertson, in accordance with the FINDING of the Court, now, therefore;

"It is ORDERED and ADJUDGED by the Court that bond be forfeited; that bondsmen be given additional 20-day stay of execution over and above the statutory 10-day stay." (Emphasis supplied.)

██ This is the only judgment that appears in the record. From its contents judgment was entered first and forfeiture thereafter ordered. What is even more glaring from the above chronology, is that neither the Colorado statutes nor the Rules of Criminal Procedure were followed in any fashion. Want of conformance to the procedure outlined by law is a violation of the surety's rights.

██ The procedure prescribed by C.R.S. 1963, 39-2-17 and 18, and Rule 46, Colorado Rules of Criminal Procedure, and the necessity of strict compliance therewith, received considerable attention from this court in *People v. Johnson*, 155 Colo. 392, 395 P.2d 19. Before any judgment may issue in connection with a bond forfeiture there must be due process. When forfeiture is declared then scire facias may issue ordering the surety to show cause, if any he may have, why judgment should not be entered against him. The rules provide that he has at least 20 days from the service of the citation to respond thereto and to resist entry of judgment. After the issuance of the citation, he has the right to surrender "the defendant into custody before judgment upon an order to show cause, upon payment of all costs occasioned thereby."

From what appears in the record, judgment and forfeiture were instantaneous at a hearing which had been set from time to time "concerning bond forfeiture." Prior to the date of that hearing the court had already declared that it was premature to consider the defendant in default as to his obligation to appear. Only when he did not appear for trial did he become a fugitive. There

is a statement in the brief, but not in the record, that the district attorney had no intention of prosecuting the defendant and would not seek his extradition. Whether this is or is not true is one of the matters that a surety would have a right to present to the court in his response to show cause order.

In a very early case, *Tanquary v. People,* 25 Colo. App. 531, 139 Pac. 1118, in which it was made apparent to the defendant that he would never be brought to trial, the court said:

"* * * The contention is that the cause had been abandoned by the state, and that fact communicated to the defendant in the criminal proceeding, and to his attorney and surety; and therefore the discharge of said principal recognizor should have been duly entered by the court, and his sureties discharged from liability, and that such discharge should now be made. The sole purpose and function of the obligation was to produce the defendant in court 'then and there to answer unto a certain information herein pending against the said Henry B. McDowell.' If the cause was in fact abandoned by the state, by reason of which the presence of the accused in court was no longer required or desired for trial or matters incident thereto, the purpose of the bond had been served, its function fulfilled and performed, and it should thenceforth be regarded as *functus officio* and the formal discharge of defendant and of his sureties therefrom should have been entered upon application. Any other view, it seems to us, is inconsistent with the office of the bond, and a refusal to discharge and release it after the prosecution had been abandoned would be grossly unjust and oppressive."

As has been stated, we cannot ascertain from this record why, after the whereabouts of the defendant was made known, he was not or could not have been arrested on an alias warrant and extradited to Colorado for trial. This is one of the things that would have been made clear at a hearing if such had been afforded in

accordance with the procedure outlined by statute and rule. If at the hearing it was shown that the state no longer intended to prosecute, that fact would bring the case within the ambit of *Tanquary v. People, supra.* Suffice it to say that at a hearing to determine whether the principal — the defendant — is in default judgment against the surety cannot be entered on the same day.

The cause is remanded with directions that the judgment be vacated and that proceedings be had in accordance with those outlined by the statute and the rule.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.