## C-852

**Ernestine Rae Rodriquez and her Bondsman, John Wimberly, d/b/a ABC Bail Bonds v. The People of the State of Colorado**

(554 P.2d 291)

Decided September 20, 1976.

Epstein, Lozow and Preblud, P.C., Gary Lozow, for petitioners.

Floyd Marks, District Attorney, Brian T. McCauley, Deputy, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *People v. Rodriquez*, 37 Colo. App. 50, 543 P.2d 1271 (1975). Petitioner Wimberly, the surety on the defendant's bond, seeks reversal of a court of appeals decision affirming the trial court's forfeiture of a $500 bail bond in which defendant, Ernestine Rae Rodriquez, was the principal. We reverse the decision of the court of appeals.

Defendant was charged with attempted felony theft and conspiracy to commit felony theft. A recognizance bond in the amount of $500 was entered into by petitioner for these two offenses guaranteeing the appearance of defendant. Subsequently, as the result of plea negotiations, defendant pled guilty to a new count of second-degree criminal trespass which was based upon the same criminal transaction. After being advised by defense counsel that the district attorney had agreed to dismiss the first two counts upon final disposition of the trespass count, the court accepted the plea.

Defendant was granted leave to apply for probation and a hearing was set for a later date. The court continued the bond to that time without the consent of petitioner. When defendant failed to appear on the date set for the hearing, the court ordered forfeiture of the bond. The petitioner contends that his obligation under the bond terminated upon the entry of the plea of guilty by the court without first having obtained his consent to the continuation of the bond.

A recognizance is a contract of surety subject to rules of construction generally applicable to contracts. *In re Marshall's Estate*, 416 Pa. 64, 204 A.2d 243 (1964). The language of the agreement is therefore important to a resolution of the issue. The bond executed by petitioner provided for forfeiture if defendant failed to appear in court "from day to day and term to term and not depart without leave," and "to answer unto . . . certain charge[s] therein pending against said Defendant."

At the point when conviction occurred, the charges were answered and the surety's obligation to guarantee defendant's appearance ceased. When a bondsman enters into a surety agreement, he or she undertakes a calculated risk. Events which materially increase that risk have the effect of terminating the obligation. *Restatement of Security,* § 128(b) (1941). Such an event occurs when the court accepts a plea of guilty on a charge which has grown out of the same events upon which the bond is based. At that point, the defendant no longer enjoys any hope for acquittal, but is faced with the hard reality of the sentencing procedure. The bondsman's risk is materially increased and the condition requiring the bondsman to remain as surety until the charges are answered must be deemed to have been met. Extension beyond this point without his consent discharges his obligation.

The statutes relating to bail are also important to the resolution of the issues, since they implicitly constitute a part of the surety contract. *Commercial Standard Ins. v. West*, 74 Ariz. 359, 249 P.2d 830 (1952).

The statute which deals with continuation of the original bond provides that once a bond has been executed, "the original bond shall continue in effect until *final disposition* of the case in the trial court." Section 16-4-106, C.R.S. 1973. However, the statute dealing with bail after conviction provides, "No bond shall be continued in effect *following conviction* unless the written consents of the sureties, if any, are filed of record." Section 16-4-201, C.R.S. 1973 (emphasis added).

It is the conflicting language of section 16-4-201 upon which petitioner bases his argument.

Petitioner contends that since the first sentence of 16-4-201 uses the language, "[a]fter conviction, either before or after sentencing . . . ," conviction occurs upon entry of a plea of guilty. Giving "conviction" in the last sentence of section 16-4-201 the same meaning, he argues that the "written consents of the sureties" must be filed in order for the surety's obligation to continue.

We agree with petitioner as to the meaning of "conviction" in section 16-4-201. Sections 16-4-106 and 16-4-201 must be read together and reconciled if possible. *Trujillo v. District Court*, 131 Colo. 428, 282 P.2d 703 (1955). Section 16-4-106 provides for the continuance of the original bond to final disposition subject to the discretion of the trial judge (provided for by section 16-4-201). Although the trial judge may continue the original bond to final disposition, he must obtain the consent of the surety to continue it beyond conviction. Section 16-4-201, C.R.S. 1973.

In *People v. Bartsch*, 37 Colo. App. 52, 543 P.2d 1273 (1975), the Colorado Court of Appeals held that acceptance by the trial court of a plea on a lesser included offense constituted an answer, for purposes of surety's obligation, to the greater charges. The court of appeals interpreted section 16-4-201, C.R.S. 1973, to require consent of the surety to extend the bond after conviction even though sentencing, and consequently final disposition, had never occurred. We think the *Bartsch* decision was correct and its rationale applies here.

The decision of the court of appeals is reversed and the cause returned to the court of appeals for remand to the trial court with directions to enter judgment for the petitioner.