577 P.2d 1109 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
John CALLOWAY, Defendant, and concerning Henry Veto, d/b/a City Bail Bonds, and, by substitution, Surety Insurance Company of California, Surety-Appellant.
No. 77-666.
Colorado Court of Appeals, Division II.
April 13, 1978.
Certiorari Denied June 19, 1978.
*1110 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Felipe V. Ponce, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Stanley H. Marks, Jonathan L. Olom, Denver, for surety-appellant.
VanCISE, Judge.
Appellant Henry Veto, d/b/a City Bail Bonds, appeals from a judgment entered against him on a bail bond forfeiture. We reverse.
In December 1976, John Calloway was arrested and charged in Denver on a fugitive warrant pursuant to § 16-19-103, C.R.S.1973, pending extradition to California on a forgery charge. He was released from custody on the execution of a $1500 appearance bond by him as principal and by Veto as attorney in fact for Surety Insurance Company of California, the surety.
Thereafter, Calloway's counsel, with the cooperation of the district attorney and the attorney general, made arrangements for Calloway to return to California on his own and turn himself in. The trial court approved, granted a week's delay in the service of the Governor's warrant for extradition, and agreed to dismiss the case and release the bond when the district attorney was advised of the surrender to the California authorities. The court indicated that Calloway's bond was continued for that week, but no one informed or sought the consent of the surety to those arrangements.
Calloway departed, but did not turn himself in to the California authorities. The court ordered an alias capias to be issued for his arrest, the bond to be forfeited, and a citation to show cause to be issued to the surety.
*1111 Veto was cited as the surety. Through his attorney, he moved for exoneration from liability on the ground that the agreement by which Calloway was to leave Colorado and surrender himself to the California authorities materially increased the surety's risk without its consent, and therefore had the effect of terminating the obligation. Rodriquez v. People, Colo., 554 P.2d 291 (1976). The court denied the motion, and judgment was entered against Veto for the $1500 principal amount of the bond.
Veto raises the same contentions on appeal as in the trial court. However, we need not consider those issues.
In reviewing the record, we note that Veto was not the surety. Veto signed the bond, not as the surety but as the attorney in fact for Surety Insurance Company of California, which was the surety. Veto's power of attorney was attached to the bond. Not being the surety, Veto is not personally accountable for Calloway's appearance or nonappearance. "Not being obligated, he is not in default; he owes no money, and no valid judgment could be entered against him." People v. Johnson, 155 Colo. 392, 395 P.2d 19 (1964).
The judgment is reversed, and the cause is remanded with directions to dismiss the citation.
ENOCH and BERMAN, JJ., concur.
SUPPLEMENT TO OPINION
The petition for rehearing is denied. Our opinion in this case is supplemented by the following:
In its petition for rehearing, the People claim that the entry of judgment against Veto was a result of clerical error. On February 27, 1978, after receipt of a copy of the opinion in this case, the trial court vacated the judgment against Veto and entered a new judgment against the corporate surety, Surety Insurance Company of California. Leave was granted to supplement the record to include a copy of the new judgment. The People urge that we now determine whether the surety's motion for exoneration was properly denied. Because of the significance of the question involved, we do so at this time.
Nevertheless, our agreeing to address the merits of the petition for exoneration is not to be construed as a holding that the February 27, 1978, judgment was properly entered. We do not sanction the procedure followed by the trial court in entering a judgment against the corporate surety without complying with §§ 16-4-109 and 110, C.R.S.1973, or with Crim.P. 46(a)(8)(II) and (9), which require notice, issuance and service of a citation directed to it, and a hearing within not less than 20 days after service of the citation. See Herbertson v. People, 160 Colo. 139, 415 P.2d 53 (1966); see also Alcott Pharmacy, Inc. v. State Board of Pharmacy, 35 Colo.App. 248, 531 P.2d 987 (1975).
We regard the rationale in Rodriquez v. People, supra, as dispositive, and reverse the February 27, 1978 judgment.
As stated in Rodriquez, "[w]hen a bondsman enters into a surety agreement, he or she undertakes a calculated risk. Events which materially increase that risk have the effect of terminating the obligation." In the instant case, the surety's risk was materially increased when, without the knowledge of the surety, arrangements were made by defense counsel and the People and with the approval of the court for Calloway, the principal on the bond, to leave Colorado ostensibly to turn himself in to the authorities in California. The action of the court substantially reduced the likelihood of Calloway's complying with the conditions of the bond.
The People argue that the language in the conditions of the bond (a printed form furnished by the court) that the defendant "shall personally appear in the county court. . . or the district court . . . and not depart the same without leave until the final sentence or order of the court" constituted an authorization in advance by the surety for arrangements such as those entered into here. We do not agree.
*1112 A bail bond is a contract with the state, and is to be strictly construed in accordance with its terms. United States v. Jackson, 465 F.2d 964 (10th Cir. 1972). It may not be construed by the court in such a manner as to create a liability not stated in the contract. Rodriquez v. People, supra. Applying that standard, we hold that the words in the bond "without leave" have reference only to appearances in and departures from the court, and do not include departure from the jurisdiction of the court. Authorizing departure from the state was not within the scope of the bond nor within the risks assumed by the surety.
When Calloway was first released on bond, he was in the legal custody of his surety. People v. Loomis, 60 Colo. 202, 152 P. 143 (1915). The court, by approving Calloway's departure from the state without notice, terminated any control the surety might have had over him. In so doing, the court discharged the surety from any obligation under the bond.
The judgment against the corporate surety is reversed and the cause is remanded with directions to release the surety from any liability on the bond.
ENOCH and BERMAN, JJ., concur.