603 P.2d 953 (1979)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Louis Ted RINCON, Edward Leo Apodaca, Therese Carmel Apodaca, Freida Mae Rincon, a/k/a Alfreda Rincon, Timothy Casias, and John Henry Wilburn, Defendants, and
Vern V. Brook, d/b/a Brook Bail Bonds, Defendant-Appellant.
No. 78-311.
Colorado Court of Appeals, Div. II.
August 23, 1979.
Certiorari Denied December 17, 1979.
*954 Ware & Marroney, David E. Ware, Pueblo, for plaintiff-appellee.
No appearance for defendants.
Kettelkamp & Vento, P. C., W. C. Kettelkamp, Jr., Pueblo, Murphy, Morris & Susemihl, David H. Morris, Colorado Springs, for defendant-appellant.
ENOCH, Chief Judge.
Bail bondsman, Vern V. Brook, appeals from a judgment forfeiting the bail bond he had posted for defendant John Wilburn. We affirm.
On September 11, 1975, the court set bond for defendant Wilburn at $125,000 with three conditions: (1) that he appear in court on his case "whenever set," (2) that he report weekly to the probation department or as often as the department deemed necessary, and (3) that he not leave the state of Colorado without the consent of the probation department. On October 3, 1975, Wilburn posted the bond through one Gonzales, an agent of Brook Bail Bonds. Gonzales testified that he was unaware of any court-imposed conditions on the bond.
On January 13, 1976, Wilburn sought and received permission from the court to leave Colorado for a few days. He returned, and on April 30, 1976, he again requested the court's permission to leave the state. The court again granted the request. This time, however, Wilburn did not return, and he failed to appear at a scheduled court hearing on May 14, 1976. As a result, the court issued a bench warrant for his arrest and issued a notice and a citation to show cause why the bond should not be forfeited. The surety was not informed of either of the requests or of the orders granting permission to leave the state. After considering evidence and argument at a show cause hearing, the court entered judgment against Wilburn and "Vern Van Brook, d/b/a Brook Bail Bonds" in the amount of $125,000 plus costs.
Brook first contends that the trial court, by granting Wilburn permission to leave the state, substantially increased the risk to the surety without his knowledge or consent, thereby relieving the surety of liability under the bond. We disagree.
Surety bonds are treated as other contractual obligations, subject to the rules generally applicable to contracts. Rodriquez v. People, 191 Colo. 540, 554 P.2d 291 (1976). Therefore, any event, including an action of the court, which materially changes the condition of the contract, terminates the obligation of the surety is unaware of or refuses to consent to the *955 change. Rodriquez, supra; People v. Calloway, Colo.App., 577 P.2d 1109 (1978). See generally Stuyvesant Insurance Co. v. United States, 410 F.2d 524 (8th Cir. 1969).
The record here, however, does not support Brook's argument that the court materially altered the surety contract. Generally, unless the court orders or the surety stipulates otherwise, nothing prevents a defendant on bond from leaving the jurisdiction so long as he appears at all proceedings in his case. See § 16-4-103, C.R.S. 1973 (now in 1978 Repl. Vol. 8). Unlike the situation in People v. Calloway, supra, upon which Brook relies, the court here did not attempt to change the jurisdiction in which Wilburn was to appear, and, prior to the issuance of the bond, the court set up specific conditions under which Wilburn could leave the state. By requiring that Wilburn secure permission before leaving Colorado, the court restricted his freedom of movement, thereby reducing the risk that he would fail to appear. We find no merit in Brook's argument that the surety was not informed of the court's condition or the subsequent grant of permission. The condition was imposed prior to the posting of the bond by Gonzales, and the surety's failure to inform himself of existing bond conditions does not relieve him from responsibility under the bond obligation.
We do not agree with Brook's contention that because it was the court, not the probation department, that granted defendant permission to leave the state, there was a material increase in risk to the surety. An officer of the probation department acts as an aide to the court by making recommendations which the court may choose to accept or reject. See Smith v. People, 162 Colo. 558, 428 P.2d 69 (1967). In our view the court's having acted as the department could have acted does not constitute a material increase in risk to the surety.
Brook next argues that it was error for the trial court to hold him personally liable on the bond. We disagree.
Because there was some dispute as to Gonzales' authority to execute the bond, Brook filed a document with the trial court on May 14, 1976, which stated:
"I, Vern V. Brook, d/b/a Brook Bail bonds, do hereby authorize Salvador Gonzales to execute a bail bond in the sum of $125,000.00 for and on behalf of John Henry Wilburn, Defendant herein above-named, guaranteeing said Defendant's appearance in the above-entitled actions when and where the Court may demand his appearance for trial or other disposition in the above-entitled cases."
There is evidence that Brook Bail Bonds is a subsidiary of Brook Enterprises, Inc., but the document does not show that Brook signed in any representative capacity. In the absence of evidence to the contrary, Brook's signature denotes personal, not corporate liability. See Sago v. Ashford, 145 Colo. 289, 358 P.2d 599 (1961). Thus the court was correct in assessing personal liability against Brook.
Judgment affirmed.
BERMAN and KELLY, JJ., concur.