The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jerry B. SMITH, Defendant,

and concerning Adrienne Cochran and Continental Fidelity Insurance Company, Sureties-Appellants.

No. 82CA1459.

Colorado Court of Appeals, Div. I.

Nov. 23, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jonathan L. Olom, Denver, for sureties-appellants.

BERMAN, Judge.

The defendant was charged with second degree burglary and felony theft. A personal appearance bond for the defendant was executed in January 1981 in the amount of $2,000 and appellants were sureties thereon. He pled guilty to a third count of misdemeanor theft, after which he was granted leave to apply for probation, and the case was continued until April 19, 1982.

The defendant failed to appear at the April 19, 1982, hearing. A friend of the defendant phoned the court clerk that morning to advise the court that the defendant had been involved in an automobile accident and had been taken to the hospital. The court then continued the case until May 27, 1982, and issued an alias capias warrant and an order forfeiting the bond, but stayed both actions until May 27, 1982.

When the defendant failed to appear on May 27, 1982, the court lifted the stay of execution and ordered the bond forfeited. An alias capias warrant was issued for the defendant on this date, as well as a citation to show cause against the sureties.

The sureties' motion to set aside the bond forfeiture was denied. This appeal followed. We affirm.

I.

The sureties' first argument on appeal is based on § 16–4–109(2), C.R.S.1973 (1978 Repl.Vol. 8) and Crim.P. 46(a)(8)(II). They correctly cite these provisions for the proposition that "if [a] defendant fails to appear in accordance with the primary condition of the bond, the court shall declare a forfeiture" and mail the order of forfeiture "forthwith." While we recognize the necessity of strict compliance with the procedures set forth in the rule and statute governing bond forfeitures if a particular forfeiture is to be valid, *Herbertson v. People,* 160 Colo. 139, 415 P.2d 53 (1966), we hold that, here, those procedures have in fact been strictly followed.

The sureties first argue that notice to them of the forfeiture was not "forthwith" as required by § 16–4–109(2), C.R.S. 1973 (1978 Repl.Vol. 8). They assert that the term "forthwith" should be construed as meaning "immediately," or under circumstances of "due diligence" under the facts of the case, and without unreasonable delay. We agree with that definition. However, we disagree with the sureties' implicit contention that, once the defendant failed to appear in accordance with the bond's primary condition, the court failed to declare a forfeiture "forthwith."

In the instant case, the condition of the bond stated that:

"The defendant shall personally appear in Denver County Court ... on the 19th day of February, 1981 ... should the action be bound over thereto ... and from day to day and term to term, and from day to day of each term thereafter, and not depart the same *without leave* until the sentence, final disposition or other order of the court ...." (emphasis added)

Since the defendant had "leave" from the court to not appear at the April 19 hearing because the court was informed of defendant's involvement in an automobile accident, the defendant's failure to appear was not in violation of the "primary condition of the bond" and the court was not required by statute to declare any forfeiture or mail

any sort of notice "forthwith." However, on May 27, 1982, once the defendant failed to appear without leave of the court and in violation of the bond condition, the court did immediately and without unreasonable delay, on that date, order the bond forfeited and issue a citation to show cause against the sureties. The court is statutorily obligated to give a surety "notice of the order of forfeiture." Section 16–4–109(2), C.R.S. 1973 (1978 Repl.Vol. 8). However, neither the case law nor the statute imposes a duty on the court to give a surety notice of the permitted absence of a defendant from a hearing.

## II.

██ The sureties next cite *People v. Campbell,* 633 P.2d 509 (Colo.App.1981) in support of the contention that when a defendant fails to appear at a scheduled hearing and no valid reason or excuse is given for his absence, a forfeiture should be ordered. But, here, of course, defendant's hospitalization following the automobile accident was a valid excuse.

## III.

██ For their third argument, the sureties cite *People v. Rincon,* 43 Colo.App. 155, 603 P.2d 953 (1979) in support of the rule that "any event, including an action of the court, which materially changes the condition of the contract, terminates the obligation if the surety is unaware of or refuses to consent to the change." However, we find no material alteration in the conditions of the defendant's bond.

Although we held on petition for rehearing in *People v. Calloway,* 40 Colo.App. 543, 577 P.2d 1109 (1978) that the words "without leave" in the bond "do not include departure from the jurisdiction of the court," we also held that that language does refer to "appearances in and departures from the court." Under this construction, the court's granting of permission for the defendant in *Calloway, supra,* to leave the court's jurisdiction to return to California and turn himself in clearly constituted a material alteration in the conditions of the bond.

However, here, the defendant was given permission to absent himself only from the court and not from the court's jurisdiction. Therefore, here, the court complied with the existing conditions of the bond contract, rather than changing them, materially or otherwise.

## IV.

Finally, we note that this is not a case where the bond was continued after a defendant's conviction and without the surety's consent, in contravention of § 16–4–201, C.R.S.1973 (1978 Repl.Vol. 8). Therefore, *Rodriquez v. People,* 191 Colo. 540, 554 P.2d 291 (1976), relied upon by the sureties here, is inapposite.

Judgment affirmed.

PIERCE and METZGER, JJ., concur.