## CIRCUIT COURT OF CULPEPER COUNTY

In re Estate of
John Moffett Brown, Jr.

July 10, 1985

Case No. 20-L-85

By JUDGE LLOYD C. SULLENBERGER

Loretta J. Brown (widow), widow of John Moffett Brown, Jr. (decedent), who died January 27, 1984, has petitioned this court pursuant to Va. Code § 64.1-151.4 for award of a family allowance as provided in Va. Code § 64.1-151.1.

Decedent left no minor child of his surviving him. The court has heard evidence and has received memoranda on whether the surviving spouse is entitled to the family allowance if the decedent left no minor child of his whom he was obligated to support.

The court has considered the statutes (Title 64.1, Chapter 6, Art. 5.1), the memoranda and the law review article by Professor J. Rodney Johnson (14 U. Rich. L. Rev. 639 (1980)) with appended portions of the Uniform Probate Code. Article 5.1 was enacted by the 1981 General Assembly effective July 1, 1981. Simultaneously portions of Title 64.1 (e.g., §§ 64.1-126, 64.1-127) and Title 34 (e.g., Sections 34-10 through 34-12, 34-15, 34-16) were repealed.

The new statutory scheme provides an allowance of funds during administration called the family allowance, an amount of exempt property, ordinarily selected by the surviving spouse from chattels, and a homestead allowance, which might be chattels.

Section 64.1-151.1 provides in pertinent part that upon a domiciliary decedent's death:

the surviving spouse and minor children whom
the decedent was obligated to support are enti-

tled to a reasonable allowance in money for their maintenance during the period of administration.

It is payable to the surviving spouse, if living, for the use of the surviving spouse and minor children, otherwise, to the person having the care and custody of the minor children; but in case any minor child is not living with the surviving spouse, the family allowance may be made partially to the spouse and partially to the person having the child's care and custody as their needs may appear.

The family allowance is in addition to any benefit or share passing to the surviving spouse or minor children by the will of the decedent, by intestate succession, or by way of dower, curtesy or elective share.

Timothy Moffett Brown, decedent's executor (executor), argues that the statute is captioned "Family Allowance" and that there is no specific provision awarding such allowance to a surviving spouse alone. Therefore, a surviving spouse is not entitled to the family allowance.

The entire scheme of Article 5.1 is taken from the Uniform Probate Code. See Uniform Probate Code (U.L.A.) Sections 2-402 through 2-404. The official comments to Section 2-403 do not address the issue of whether a surviving spouse is entitled to the family allowance in the absence of qualifying children.

Some states which have adopted the scheme and general language of the Uniform Probate Code have seen fit to clarify the language of § 2-403. See e.g., Idaho Code Section 15-1-403 ("*the surviving spouse or the surviving spouse and minor children* whom the decedent was obligated to support").

The Colorado statute formerly tracked § 2-403 and in at least one case a widow was allowed the family allowance without minor children, *Matter of Estate of Dandrea*, 577 P.2d 1111 (Colo. App. 1978) (issue not raised), but subsequently the Colorado statute was amended to specifically provide that if there be no minor children the surviving spouse takes. Colorado Revised Statute Section 15-11-403.

In determining the intent of the Virginia General Assembly the entire scheme of Chapter 5.1 must be considered. The clear language referring to the surviving spouse taking in the exempt property and homestead allowance sections is necessary because title to tangibles is ordinarily involved under each of the statutes, and joint ownership between a spouse and minor children creates problems.

The key to ascertaining the legislative intent is the provision covering the situation in which a minor child is not living with the surviving spouse. In such case the allowance may be made partially to the spouse and partially to the custodian of the minor child. Unless the word "spouse" is read to mean "spouse for the use of the surviving spouse and minor children" in this clause, the legislature would have created the anomaly of benefitting a surviving spouse if the decedent left a minor child with a custodian even though the surviving spouse was not the parent of the child and had no responsibility for the child.

Therefore, the court holds that a surviving spouse is entitled to a family allowance even if the decedent left no dependent minor child.

The court has considered the evidence of the circumstances of the surviving spouse and fixes the family allowance at $500 per month beginning on the date of death of the decedent, January 27, 1984, and ending March 27, 1985, a total of $7000, which shall be paid by the executor from the estate to the widow within fourteen days of entry of the order embodying the court's ruling.

The court finds that the widow has failed to cooperate toward prompt settlement of the estate and, therefore, the equities demand that the allowance not continue beyond the period fixed.

In connection with the companion matter of security on the bond of the executor, the court declines to require security.