**PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Joseph Lino MENDEZ, Defendant,**

**And Concerning:**

**Douglas Riddle and Continental Surety and Fidelity Insurance Company, a Colorado corporation, Professional Sureties-Appellants.**

**No. 83CA1422.**

Colorado Court of Appeals, Div. I.

Aug. 15, 1985.

Rehearing Denied Sept. 12, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Steven R. Newell, P.C., Steven R. Newell, Denver, for Professional Sureties-appellants.

METZGER, Judge.

Douglas Riddle and Continental Surety and Fidelity Insurance Company (sureties) appeal the trial court's refusal to vacate its judgment entered for a bail bond forfeiture. We reverse and remand for further proceedings.

The facts in this case are undisputed. The sureties executed a $6,000 bond in Arapahoe County on behalf of Joseph Mendez. When Mendez failed to appear for trial, the trial court ordered forfeiture of the bond, and issued a citation to the sureties to show cause why judgment should not be entered against them. The show cause hearing was set for August 17, 1983.

The sureties had also posted a $4,000 bail bond on behalf of Mendez in the Denver District Court. Mendez also failed to appear pursuant to the terms of that bail bond.

The sureties, through an investigator, located Mendez and, with the Denver Police Department's assistance, seized and physically surrendered Mendez in Denver. He was in custody in the Denver county jail on August 17, 1983, the date judgment was entered against the sureties for the full amount of the Araphaoe County bond.

## I.

The sureties contend that the trial court abused its discretion in refusing to vacate its judgment entered after forfeiture of the bond. We agree.

 A court may order that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice so requires. Crim.P. 46(a)(8)(III) and § 16-4-109(3), C.R.S. (1978 Repl.Vol. 8). A trial court has the discretion to set aside a forfeiture based on the facts and circumstances of each individual case. *Owens v. People*, 194 Colo. 389, 572 P.2d 837 (1977). However, this exercise of discre-

tion is limited by policy considerations inherent in the bail bond process.

The policy of this state with respect to forfeited bonds was enunciated in *Allison v. People*, 132 Colo. 156, 286 P.2d 1102 (1955) and reaffirmed in *Owens v. People, supra*. In those cases our supreme court adopted the following factors for consideration from *State v. Jakshitz*, 76 Wash. 253, 136 P. 132 (1913):

"That the state may be relieved of the burden of keeping an accused person; that the innocent shall not be confined pending a trial and formal acquittal; that, in cases of flight a recapture may be aided by the bondsmen who, it is presumed, will be moved by an incentive to prevent judgment or, if it has been entered, to absolve it and to mitigate its penalties. To accomplish these things and others, courts have been liberal in vacating judgments entered on bail bonds, exercising always a broad discretion and in proper cases preserving the equities of the public by deducting such costs and expenses as may have been incurred by the state. To hold otherwise would discourage the giving of bail and defeat the 'manifest purpose of the statute.'"

■ Applying those policies to the unique circumstances in this case, we conclude that the trial court abused its discretion in refusing to vacate the judgment.

Subsequent to forfeiture but prior to judgment, the sureties made substantial efforts to locate, seize, and surrender Mendez to the authorities. Mendez was apprehended with the aid of the Denver Police Department and placed in the Denver county jail prior to the entry of judgment in Arapahoe County. While it is true that Mendez was not physically in custody in Arapahoe County on the date judgment was entered, his incarceration in the adjoining county, due principally to the efforts of the sureties, warranted relief from the judgment.

In light of this disposition, it is unnecessary to address the sureties' remaining contentions.

The trial court order is reversed, and the cause is remanded with directions to vacate the judgment of forfeiture.

BERMAN and STERNBERG, JJ., concur.