The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jose Luis GONZALES, a/k/a Fernando Mendoza-Subiate, Defendant,

and concerning

Sharon Lucero and Continental Surety and Fidelity Insurance Company, a Colorado corporation, Appellants.

No. 85CA0911.

Colorado Court of Appeals, Div. I.

June 4, 1987.

Rehearing Denied July 16, 1987.

Certiorari Denied (People) Oct. 5, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Steven R. Newell, P.C., Steven R. Newell, Steven P. Martens, Denver, for appellants.

PIERCE, Judge.

Sharon Lucero and Continental Surety and Fidelity Insurance Company (sureties) appeal from a judgment forfeiting a surety bond posted on behalf of defendant, Jose Luis Gonzales. We reverse.

Defendant was charged in Adams County District Court with second degree burglary in August 1984. A preliminary hearing was scheduled for September of that same year. At the end of August, the sureties executed a bond to guarantee defendant's appearance. However, rather than being freed on the bond, defendant was transferred from the Adams County Sheriff's Department to the U.S. Immigration and Naturalization Service (INS), pursuant to a detainer placed upon defendant by that agency.

Defendant's preliminary hearing was held, and the matter eventually bound over to the district court for arraignment, which was to be held in October 1984. At the conclusion of the preliminary hearing, defendant was returned to the custody of the INS. At no time did defendant execute a bond for his release from INS custody.

In late September, defendant escaped from the INS facility located in Colorado and failed to appear at his scheduled arraignment. At that time, the trial court ordered defendant's bond forfeited, and the sureties were notified forthwith. Defendant remains at large.

Thereafter, the sureties filed this motion to set aside the bond forfeiture, claiming no responsibility for defendant's failure to appear. The trial court rejected their contention, and entered judgment against them.

The sureties contend that defendant was never released within the meaning of § 16-4-109(2), C.R.S. (1986 Repl.Vol. 8A), and thus, they assert the trial court erred in forfeiting the bond. We agree.

Section 16-4-109(2) states that:

"Where the defendant has been released upon deposit of cash, stocks, or bonds or upon a surety bond secured by property, if the defendant fails to appear in accordance with the primary condition of the bond, the court shall declare a forfeiture...."

Surety bonds are treated as contracts and are subject to the rules generally applicable to such agreements. *Rodriguez v. People*, 191 Colo. 540, 554 P.2d 291 (1976). Thus, payment of the bond is deemed consideration for the release of the principal into the legal custody of his surety. *See People v. Loomis*, 60 Colo. 202, 152 P. 143 (1915); *see also People v. Calloway*, 40 Colo.App. 543, 577 P.2d 1109 (1978).

In the present case, the defendant was not released into the legal custody of his surety. The record shows that he was transferred directly from the Adams County Sheriff's Department into the custody of the INS. Nothing in the record indicates that the sureties were notified or consented

to the transfer. Therefore, the sureties were unable to assume any control over the defendant to which they were entitled as a *quid pro quo* for the payment of the bond. *See People v. Calloway, supra.* Accordingly, because defendant was not released into the custody of his sureties, he was not released within the meaning of § 16–4–109(2).

The judgment against the sureties is reversed and the cause is remanded with directions to discharge the sureties from any liability on the bond.

BABCOCK and METZGER, JJ., concur.