The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Leslie Jean STONEHART, Defendant,

and Concerning Dianne Wimberly,
Surety–Appellant.

No. 86CA0089.

Colorado Court of Appeals,
Div. I.

Aug. 27, 1987.

Rehearing Denied Oct. 8, 1987.

Certiorari Granted (People) Jan. 11, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Ralph B. Rhodes, Christopher C. Beasley, Denver, for surety-appellant.

BABCOCK, Judge.

Dianne Wimberly, surety on a $5,000 bail bond that guaranteed the appearance of defendant, Leslie Jean Stonehart, appeals the trial judgment of forfeiture of that bond entered after defendant failed to appear for a preliminary hearing. We reverse and remand.

Defendant was charged with second degree burglary and felony theft. He was released on August 9, 1985, after surety executed a $5,000 bond guaranteeing his appearance in court. When defendant failed to appear for a preliminary hearing on August 14, his bond was revoked. De-

fendant also failed to appear for arraignment on September 17. On September 26, the clerk of court sent a notice to surety notifying her of defendant's failure to appear on August 14 and giving her 30 days to produce defendant or show cause why judgment should not be entered against her on the bond. Surety received this notice on September 30.

■ Surety first argues that the forfeiture was procedurally deficient because she was not notified "forthwith" of the forfeiture.

Section 16–4–109(2), C.R.S. (1986 Repl. Vol. 8A) provides:

"Where the defendant has been released ... upon a surety bond secured by property, if the defendant fails to appear in accordance with the primary condition of the bond, the court shall declare a forfeiture. Notice of the order of forfeiture shall be mailed *forthwith* by the court to the defendant and sureties, if any, at their last known address." (emphasis added)

*See also* Crim.P. 46(a)(8)(II).

Strict compliance with the procedures set forth in the statute and rule governing bond forfeitures is required for the forfeiture to be valid. *Herbertson v. People,* 160 Colo. 139, 415 P.2d 53 (1966); *People v. Smith,* 673 P.2d 1026 (Colo.App.1983). The requirement for forthwith notice means that it be done immediately, or with due diligence under the circumstances, and without unreasonable delay. *People v. Smith, supra.*

■ The trial court upheld the forfeiture on the basis that surety had failed to provide her address with the bond, and that any fault therefore lay with surety. We reject this reasoning, however, since nowhere on the bond documents was surety required to provide an address, and since the addresses of bail bondsmen may be obtained from the state division of insurance. *See* §§ 12–7–103(1)(a) and 12–7–107(1), C.R.S. (1985 Repl.Vol. 5). For this reason, we also reject the People's claim that the court clerk's "good faith" delay in locating surety, which resulted from her unfamiliarity with state law, excused her failure to use due diligence in notifying surety of the forfeiture forthwith. Under the circumstances, the delay was unreasonable.

We therefore agree with surety's contention that the trial court did not act "forthwith" in mailing notice of the forfeiture to the surety until 43 days after defendant had failed to appear. *See People v. Maestas,* 748 P.2d 1351 (Colo.App.1987) (34–day delay in mailing notice not "forthwith").

Surety next contends that the trial court erred in concluding as a matter of law that no prejudice had been shown as a result of the delay in giving notice of the forfeiture. She argues that prejudice may be presumed when the statutory requirement for "forthwith" notice is not met, since the rationale behind that requirement is that the sooner a surety has knowledge of a defendant's failure to appear, the sooner steps can be taken to secure his presence in court. As the delay in giving notice increases, she argues, the defendant's opportunity to abscond becomes greater and the chance of finding him becomes less likely. Therefore, she asserts, prejudice to the surety is obvious. We agree with surety's argument.

■ Forfeitures are not favored in the law, and statutes imposing a forfeiture upon a bailee's failure to appear must be strictly construed in favor of the surety. *See People v. United Bonding Insurance Co.,* 5 Cal.3d 898, 489 P.2d 1385, 98 Cal. Rptr. 57 (1971). Strict compliance with the procedures of § 16–4–109(2) and Crim.P. 46(a)(8)(II) is thus required before judgment on a bond forfeiture may issue. *Herbertson v. People, supra; People v. Maestas, supra.*

■ We agree with surety's contention that prejudice to the surety may be presumed from a failure to provide forthwith notification of forfeiture. To be afforded

the protections provided by § 16–4–109(2) and Crim.P. 46(a)(8)(II), a surety must be advised at the earliest possible date of the forfeiture in order to institute procedures to locate and compel the defendant's appearance. If the surety does not have an early opportunity to begin these efforts, the possibility of discharging the forfeiture by procuring the defendant's presence will be manifestly and severely prejudiced, *see People v. United Bonding Insurance Co., supra; see also People v. Wilshire Insurance Co.,* 46 Cal.App.3d 216, 119 Cal.Rptr. 917 (1975), and the state's policy of encouraging the giving of bail will be thwarted. *People v. Mendez,* 708 P.2d 126 (Colo.App. 1985).

As the delay in giving notice increases, so does the prejudice to the surety. We therefore hold that if notice of forfeiture of a bond has not been given forthwith as required by statute and rule, a rebuttable presumption of prejudice to the surety arises. Hence, aided by the presumption, the surety here presented a prima facie case that forfeiture was not warranted, and there being no contrary evidence, the trial court erred in entering judgment against the surety.

The People urge us to adopt the rule in *United States v. Marquez,* 564 F.2d 379 (10th Cir.1977), which charges a surety with knowledge of a defendant's location and his failure to appear and, hence, would make any notice of forfeiture unnecessary. *See People v. Jaramillo,* 163 Colo. 39, 428 P.2d 67 (1967) (when defendant fails to appear, forfeiture is declared on day and hour specified in bond for appearance). However, *Marquez* was decided under federal rules. Its application would render § 16–4–109(2) and Crim.P. 46(a)(8)(II) superfluous. We therefore decline to follow it. *See* § 2–4–201(1)(b), C.R.S. (1980 Repl.Vol 1B).

The judgment is reversed and the cause is remanded for new hearing in accordance with the views expressed here.

PIERCE, J., concurs.

VAN CISE, J., concurs in part and dissents in part.

VAN CISE, Judge, concurring in part and dissenting in part.

I concur in all respects except that, in view of the determination that the presumption of prejudice was not rebutted, the judgment should be reversed and the surety should be released from the bond obligation.