748 P.2d 1351 (1987)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Irma MAESTAS, Defendant,
And Concerning: Fred Moreno, Surety-Appellant.
No. 85CA1375.
Colorado Court of Appeals, Div. II.
August 27, 1987.
Rehearing Denied October 1, 1987.
Certiorari Granted January 11, 1988.
Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Epstein, Epstein and Lozow, P.C., Kevin F. Hughes, Denver, for surety-appellant.
Certiorari Granted (Maestas) January 11, 1988.
SMITH, Judge.
Fred Moreno, surety on a bail bond which guaranteed the appearance of defendant, Irma Maestas, appeals the judgment of the trial court entered against him for $3,000 following its order that the bond be forfeited because of defendant's failure to appear for her arraignment. We affirm.
Defendant was charged with felony theft and her bond was set at $3,000. Surety then executed a $3,000 bond that guaranteed defendant's appearance whenever the court required. Defendant subsequently appeared for two mandatory court appearances, but then failed to appear for arraignment on March 14, 1985. As a result, the trial court ordered that the bond be *1352 forfeited and that a citation issue directing surety to show cause why judgment should not enter against him. A hearing on the citation was set for April 16, 1985.
However, on April 16, the court discovered that for some reason, not apparent from the record, the citation had not been issued or served on surety. The citation was then issued on April 17 and was served on surety, 34 days after the forfeiture had been declared. The show cause hearing was rescheduled for May 16, was continued several times, and eventually held on July 3, 1985. After the hearing, the trial court entered judgment against surety for $3,000.
Surety argues that the trial court's failure to provide him with forthwith notice of defendant's failure to appear materially increased the risk associated with the bond contract and therefore relieved him of his obligations under it.
Section 16-4-109(2), C.R.S. (1986 Repl. Vol. 8A) provides:
"[I]f the defendant fails to appear in accordance with the primary condition of the bond, the court shall declare a forfeiture. Notice of the order of forfeiture shall be mailed forthwith by the court to the defendant and sureties, if any, at their last known address." (emphasis added)
See also Crim.P. 46(a)(8)(II).
Strict compliance with the procedures set forth in § 16-4-109(2) and Crim. P. 46(a)(8)(II) is ordinarily required for the forfeiture to be valid. Herbertson v. People, 160 Colo. 139, 415 P.2d 53 (1966); People v. Smith, 673 P.2d 1026 (Colo.App. 1983). This is true because the statute and rule are considered as part of the terms of the surety contract. Rodriquez v. People, 191 Colo. 540, 554 P.2d 291 (1976); People v. Hampton, 662 P.2d 498 (Colo.App. 1983). A surety must therefore be advised at the earliest possible date of the forfeiture in order that he may institute procedures to locate and compel the defendant's appearance.
The requirement for "forthwith" notice means that it be done immediately, or without unreasonable delay under the circumstances. People v. Smith, supra. Thus, where a surety does not receive a "forthwith" notice of the forfeiture declared by the court, a rebuttable presumption arises that the surety's risk under the contract has been materially increased. See People v. Stonehart 748 P.2d 1353 (Colo.App.1987); see also People v. United Bonding Insurance Co., 5 Cal.3d 898, 489 P.2d 1385, 98 Cal.Rptr. 57 (1971).
This presumption of prejudice, if not rebutted, may result in termination of the surety's obligations under the surety contract. See Rodriquez v. People, supra; People v. Calloway, 40 Colo.App. 543, 577 P.2d 1109 (1978); see also National Union Fire Insurance Co. v. Denver Brick & Pipe Co., 162 Colo. 519, 427 P.2d 861 (1967).
Here, we agree that such a rebuttable presumption arose from the trial court's failure to mail a notice to surety until 34 days after defendant's failure to appear. Under the circumstances here notice was not given "forthwith."
The trial court, however, expressly found at the conclusion of the July 3, 1985, hearing that the surety had not, in fact, been prejudiced by the delay. Such finding is tantamount to a holding that the presumption had been rebutted.
The transcript from that hearing was not certified to this court on appeal, and, in the absence of the transcript, there is no basis for us to conclude that the trial court erred in making such finding. Therefore, since the conditions precedent to entry of judgment on the bond have occurred, and since the trial court's finding of no prejudice must be presumed correct, see Loomis v. Seely, 677 P.2d 400 (Colo.1983), we affirm the judgment of the trial court.
Judgment affirmed.
TURSI and BABCOCK, JJ., concur.