**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Louis SALAS, Defendant,**

**and Concerning**

**Pioneer General Insurance Co., and Stephen Bradley, agent thereof, Sureties–Appellants.**

**No. 87CA1885.**

Colorado Court of Appeals,
Div. I.

May 11, 1989.

Rehearing Denied June 1, 1989.

Certiorari Granted July 31, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Richard B. Deutsch, Denver, for sureties-appellants.

PLANK, Judge.

Pioneer General Insurance Company (surety) and its agent, Steven Bradley, appeal the judgment of $2500 entered against them following a bond forfeiture after Louis Salas (defendant) failed to appear in

county court on a date he was required to be present. We reverse.

Defendant was charged with criminal mischief, a class 4 felony. Bond was set in the amount of $2500, and the surety posted the bond on behalf of the defendant. The defendant was scheduled to appear in the county court on August 28, 1987, but did not do so.

Upon defendant's failure to appear, the county court did not order a bond forfeiture or issue a citation to show cause pursuant to §§ 16–4–109(2) and 16–4–110, C.R.S. (1986 Repl.Vol. 8A). Rather, it proceeded to bind the matter over for further proceedings in the district court.

The district court issued a notice of failure to appear, and this notice was mailed to the defendant and the surety on August 31, 1987. The notice stated that the defendant had failed to appear in the county court on August 28, 1987, and that the defendant's next scheduled appearance in the district court would be on September 28, 1987. The notice did not declare a forfeiture of the bond. The district court also continued the defendant's bond until September 28, 1987 without the consent of the surety or the appearance of the defendant.

When the defendant failed to appear on that date, the trial court forfeited the bond, ordered a warrant for the arrest of the defendant, and directed the issuance of a citation to show cause. The citations were mailed October 8, 1987. Judgment was subsequently entered against the sureties on November 6, 1987.

Section 16–4–109(2), C.R.S. (1986 Repl. Vol. 8A) provides:

"[If] the defendant fails to appear in accordance with the primary condition of the bond, the court shall declare a forfeiture. Notice of the order of forfeiture should be mailed forthwith by the court to the defendant and sureties, if any, at their last known address."

■ Strict compliance with the procedures set forth in § 16–4–109(2) and Crim.P. 46(a)(8)(II) is generally required for a forfeiture to be valid. *People v. Maestas,* 748 P.2d 1351 (Colo.App.1987); *Herbertson*

*v. People,* 160 Colo. 139, 415 P.2d 53 (1966). This is true because the statute and the rule are considered as part of the terms of the surety contract. *Rodriguez v. People,* 191 Colo. 540, 554 P.2d 291 (1976); *People v. Hampton,* 662 P.2d 498 (Colo.App.1983).

Consonant with this principle of strict compliance with the statute, our supreme court declared in *People v. Johnson,* 155 Colo. 392, 395 P.2d 19 (1964) that the:

"Proper time for forfeiture of the bond of a nonappearing defendant (no reason or justification for his nonappearance being presented) is *on the day and hour specified in the bond for appearance.*

To delay forfeiture proceedings for six months, or for any period of time (except for good reason shown), is unwarranted and jeopardizes the rights of the People, and may well leave with defendants and sureties the impression that bonds are of minor importances and may be ignored with slight danger of any appreciable adverse effect on them." (emphasis added)

■ Here, the court did not order a bond forfeiture, a citation to show cause, or a warrant for the defendant's arrest until 30 days after defendant's initial failure to appear. In light of the mandatory language of the statute and the ruling in *People v. Johnson, supra,* we hold that failure to act negated the subsequent attempted forfeiture of the bond.

■ We hold that the forfeiture of a bail bond must take place on the day that the defendant initially fails to appear as ordered. The court is without power to continue a bond when a defendant fails to appear and that non-appearance has not been excused by the court. If such forfeiture is not so ordered, then the surety is no longer obligated on the bond.

Our resolution of this appeal makes it unnecessary for us to address the remaining contentions of error.

The judgment is reversed and the cause is remanded with directions that the judg-

ment be vacated and the surety be released from the bond obligation.

PIERCE, J., and HODGES *, Justice, concur.