The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Saint John TYLER, Defendant,

and Concerning

Gordon Gossett, Surety–Appellant.

No. 87CA1694.

Colorado Court of Appeals, Div. I.

June 22, 1989.

Rehearing Denied July 20, 1989.

Certiorari Granted (People) Dec. 18, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Clawson & Potter, P.C., Kimball Gardner, Colorado Springs, for surety-appellant.

Opinion by Judge PIERCE.

Gordon Gossett, a surety on a bail bond guaranteeing the appearance of defendant, Saint John Tyler, appeals from the denial of his motion to set aside the forfeiture of the bond. We reverse.

At the time that Tyler was charged, the surety posted the bond on Tyler's behalf. Thereafter, Tyler decided to plead guilty and the surety agreed to remain on the bond from the time of change of plea until the sentencing. *See* C.R.S. § 16-4-201.

One of the significant sentencing options available at the time of the guilty plea was incarceration in a community corrections facility in the county where the charges were brought. During the investigations prior to sentencing, the court and Tyler were informed that he was not a suitable candidate for community corrections.

Tyler then requested that he be allowed to withdraw his guilty plea and that the case be set for trial. This request was granted and the case was set for trial several months later. The surety was not informed of the withdrawal of defendant's plea or that the bond had been continued to the rescheduled trial date. When Tyler did not appear for trial, the court ordered forfeiture of the bond. The surety objected to the forfeiture and asked to be exonerated from liability on the bond.

The dispositive issue here is whether the change in circumstances, unknown to the surety, substantially decreased the likelihood that the defendant would appear in court at the scheduled time, thereby materially increasing the risk to the surety. *See Rodriquez v. People,* 191 Colo. 540, 554 P.2d 291 (1976). Any acts of a trial court which materially increase the known and understood risks of a surety have the effect of terminating the surety's obligation on the bond. *People v. Calloway,* 40 Colo. App. 543, 577 P.2d 1109 (1978).

We conclude that the risk was materially increased when the trial court allowed Tyler to withdraw his guilty plea and set the case for trial approximately six months later. The unavailability of community corrections was obviously very important to Tyler. It left him with a high probability that, if convicted, he would have to face penitentiary incarceration. This sober fact would but have a negative effect on one's decision whether to appear at trial. The several months which elapsed between the time of the change of plea until the scheduled time of trial also gave Tyler considerable time to absent himself from the jurisdiction so that it would be difficult for the surety to find him.

Therefore, the judgment of forfeiture is reversed and the cause is remanded with

directions that the surety be released from his obligation on the bond.

TURSI and HUME, JJ., concur.