The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jonathan David SMITH, Defendant,

and concerning

Michael Gray, Surety-Appellant.

No. 80CA0533.

Colorado Court of Appeals, Div. I.

April 22, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullareky, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Steven R. Newell, Littleton, for surety-appellant.

TURSI, Judge.

Surety, Michael Gray, as an agent of a corporate surety company, appeals the trial court order forfeiting his bond posted to secure bail for defendant. We reverse.

The surety secured a $400 bail bond for a misdemeanor charge of driving under the influence pending against defendant in Douglas County Court. Defendant was present at the next appearance date when, as a result of the same criminal episode, he was informed that an additional charge of driving after judgment prohibited, a felony, which carries a mandatory prison sentence, was being filed. The county court then set bond for these two offenses at $1000, and stated that it was applying the $400 bond on the driving under the influence charge to the new charge. Defendant obtained an additional $600 bond from a a party not involved in this appeal. The surety was not advised of the new charge or of the application of the bond to the new charge.

Both charges were subsequently transferred to Douglas County District Court. When defendant failed to appear, both sureties' bonds were forfeited following the issuance of show cause citations and hearing thereon.

The surety argues that the trial court erred in forfeiting his bond because the application of the original bond for the driving under the influence charge to the felony charge without his consent materially increased the risk involved in the bond. We agree.

When one undertakes a surety obligation, the surety undertakes a calculated risk, and events which materially increase that risk without consent of the surety terminate the obligation of the bond. *Rodriquez v. People*, 191 Colo. 540, 554 P.2d 291 (1976); *People v. Calloway*, 40 Colo.App. 543, 577 P.2d 1109 (1978); *Restatement of Security* § 128(b) (1941).

Here, the surety entered into a contractual obligation to ensure defendant's appearance on a misdemeanor charge. Later, without his knowledge or consent, his obligations were expanded to make him additionally responsible for defendant's appearance on the felony charge. The application of the bond to the felony charge materially increased the risk that the surety had agreed to undertake. The non-appearance of defendant became more likely when defendant faced a mandatory prison sentence. Thus, the trial court erred in ordering the surety's bond forfeited. *Rodriquez v. People, supra.* The bond should have

been released when the driving under the influence case was transferred to the district court and combined with a felony charge.

The order is reversed and the matter is remanded to the trial court for further proceedings consistent with this decision.

COYTE and VAN CISE, JJ., concur.