**The PEOPLE of the State of Colorado, Plaintiff,**

v.

**Joey Lynn PERSE, Defendant-Appellee,**

**And Concerning John H. Wimberly, d/b/a ABC Bail Bonds, Surety–Appellant.**

**No. 86CA0818.**

Colorado Court of Appeals, Div. III.

Jan. 7, 1988.

Jeffrey A. Springer, P.C., Thomas A. Ballantine, III and Harvey A. Steinberg, Denver, for defendant-appellee.

Lozow, Lozow & Elliott, Gary Lozow, Denver, for surety-appellant.

METZGER, Judge.

John H. Wimberly, surety on a bond guaranteeing the appearance of defendant, Joey Lynn Perse, appeals the trial court order which refunded a portion of the bond premium after the bond was reduced. We affirm.

Surety posted a $20,000 bond for defendant on November 30, 1985, after defendant's father paid surety the required 10 percent premium of $2,000, and pledged his home as collateral to insure the bond. Defendant's bond was reduced to $10,000 on December 18, 1985, after he was formally charged. On February 14, 1986, his first appearance in district court, defendant's bond was further reduced to a $10,000 personal recognizance bond and surety was discharged from any further liability.

On February 25, 1986, defendant filed a motion for return of the bond premium. After a hearing on April 16, 1986, the trial court ordered surety to refund half the bond premium, $1,000, to defendant, observing that equity required such a refund inasmuch as the $2,000 premium had been charged for a $20,000 bond risk which only lasted for 18 days before the bond was reduced.

## I.

On appeal, surety first argues that the statute providing for bond premium refunds when bond conditions are changed precludes any refund unless the order for refund is entered within 30 days after bond is posted, a condition not met in this case. We disagree with surety's interpretation of the pertinent statute.

The statute pertinent here is now codified as § 16–4–108(1.5), C.R.S. (1986 Repl. Vol. 8A). It provides:

"If within thirty days after the posting of a bond by a defendant, the terms and conditions of said bond are changed or

altered either by order of court or upon the motion of the district attorney or the defendant, the court, after a hearing, may order a compensated surety to refund a portion of the premium paid by the defendant, if necessary to prevent unjust enrichment. If more than thirty days have elapsed after posting of a bond by a defendant, the court shall not order the refund of any premium."

█ Legislative intent is the polestar of statutory construction, and a statute should be construed, if possible, to accomplish the purpose for which it was enacted. *Schubert v. People,* 698 P.2d 788 (Colo. 1985). To determine legislative purpose, "courts should consider the state of the law preexisting the legislative enactment, the problem addressed by the legislation ... and the statutory remedy created to cure the problem." *Schubert v. People, supra.* Moreover, it must be presumed that the General Assembly intended a just and reasonable result, one feasible of execution. Section 2–4–201(1)(c) and (d), C.R.S. (1980 Repl.Vol. 1B).

█ Both parties agree that the statute at issue should be interpreted in light of *Yording v. Walker,* 683 P.2d 788 (Colo. 1984), which was decided one year before the statutory language at issue was first enacted. In *Yording,* defendant was returned to custody; thus, the surety's liability was discharged by the terms of the bond. Our review of that decision and the arguments advanced by counsel persuade the reasoning in us that the 30–day limit mentioned in both sentences of the statute applies only to the interval between the posting of the bond and any changes in its terms or conditions, and not to the time within which an order for refund must enter.

When interpreted in this fashion, the statute defines and limits the common law authority to order premium refunds that was recognized in *Yording v. Walker, supra.* It addresses the same situation found in that case—the need to allow refunds to prevent a surety's unjust enrichment when his risk under his bond is eliminated or substantially diminished—but limits the

time within which the bond conditions change to 30 days. The second sentence of the statute curtails the broad authority to act in the absence of specific statutory directive recognized by *Yording,* and makes it clear that the 30–day limit set in the first sentence is mandatory, not permissive, no matter what changes in bond conditions occur beyond the 30–day limit.

To read the statute otherwise and to require that the order for refund enter within 30 days would defeat the purpose of the statute especially if the bond conditions were changed late within the 30–day period. It would be practically impossible for a court with a crowded docket to entertain a motion for return of premium, set a hearing on the motion, notify surety of the hearing, hold the hearing, and enter its order within 30 days of posting of the initial bond.

█ Thus, we hold that the 30–day time limit set by § 16–4–108(1.5) applies only to the interval between the posting of the bond and any change in its conditions. Here, the bond condition was changed within 18 days, and thus, the trial court was free to order a premium refund to prevent surety's unjust enrichment.

## II.

Surety also maintains that the premium should not have been refunded because the evidence did not demonstrate that he would have been unjustly enriched if he had retained the premium. We disagree.

█ To support recovery of the premium because of surety's unjust enrichment, defendant was required to prove that 1) he had conferred a benefit on surety; 2) the surety had appreciated the benefit; and 3) retention of the benefit under the circumstances was inequitable. *Cf. Cablevision of Breckenridge, Inc. v. Tannhauser Condominium Ass'n,* 649 P.2d 1093 (Colo. 1982) (showing required to find unjust enrichment under traditional theories of quasi-contract).

█ Here, surety concedes in his brief that the first two elements of unjust enrichment were satisfied in this case: de-

fendant paid surety a $2,000 premium which surety had retained. He contends, however, that his retention of the premium was not inequitable.

The determination whether the third element of unjust enrichment was met required an equitable assessment by the trial court and is, thus, a matter left to the trial court's discretion, not to be reversed on appeal absent an abuse thereof. *See Owens v. People,* 194 Colo. 389, 572 P.2d 837 (1977) (under statute allowing bond for forfeiture "if justice so requires," forfeiture is a matter left to the trial court's discretion); *Woods v. Monticello Development Co.,* 656 P.2d 1324 (Colo.App.1982) (reviewing court should not disturb trial court's assessment of equities if evidence in the record supports that assessment).

Here, we find no abuse of discretion because the evidence amply supported the trial court's conclusion that surety's retention of the entire premium of $2,000 would have been inequitable. Surety's risk of $20,000 under the initial bond, which would have continued until defendant's sentencing, was halved after only 18 days. This circumstance supported the trial court's decision to order refund of half the original premium.

### III.

We also reject surety's final contention that the trial court's findings of fact and conclusions of law were insufficient to support its decision.

■ A trial court's findings and conclusions are sufficient if they allow a reviewing court to determine on what ground the trial court reached its decision, and whether that decision was supported by competent evidence. C.R.C.P. 52; *Hipps v. Hennig,* 167 Colo. 358, 447 P.2d 700 (1968).

Here, the trial court concluded that half the bond premium should be refunded because retention of the full premium would be inequitable, and this conclusion was supported by evidence of the short duration of surety's risk. Thus, there was competent evidence supporting a clearly detailed conclusion.

Judgment affirmed.

PIERCE and CRISWELL, JJ., concur.