The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Steven Ray **ANDERSON,** Defendant.

and

concerning Ace Bonding Company, Inc., and Nicole I. Loftice, Sureties–Appellants.

No. 88CA1187.

Colorado Court of Appeals, Div. V.

Feb. 22, 1990.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Morton L. Davis, Aurora, for sureties-appellants.

Opinion by Judge NEY.

Nicole Loftice and Ace Bonding Company, Inc., sureties on an $8,000 bond guaranteeing the appearance of defendant, Steven Anderson, appeal the trial court's order requiring the refund of a portion of defendant's bond premium. We affirm.

The sureties posted bond for defendant on the day the court set bail. The court granted defendant's motion to convert the surety bond to a personal recognizance bond three days later. Following a hearing on defendant's motion for a refund of the bond premium, the trial court ordered a $580 refund to defendant, which reflected a retention by the sureties of $120 for the non-refundable payment to the insurance company to write the bond, plus $100 for their time spent in issuing the bond.

■ Sureties first contend that the trial court erred in failing to notify them of defendant's request for—and subsequent granting of—release on personal recognizance. As authority for their claim that they were entitled to notice and an opportunity to be heard, sureties cite § 16–4–105(1)(p), C.R.S. (1986 Repl.Vol. 8A). This section, one of 16 statutory criteria governing a determination of the type and amount of bond to set in any given case, provides in relevant part:

> "No person *shall be released* on personal recognizance if, at the time of such application, the person is presently on release under surety bond for felony ... charges unless the surety thereon is notified and afforded an opportunity to surrender the person into custody...." (emphasis added)

Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. To discern that intent, we look first to the language of the statute, giving effect to the plain and ordinary meaning of statutory words and phrases. *People v. District Court*, 713 P.2d 918 (Colo.1986).

The plain language of this statute, as evidenced by the emphasized language, and the entire bonding scheme indicates that it is meant to apply to a person for whom bail has not yet been fixed, and who is on release under a surety bond on a pending charge different from the charge from which he is seeking release on personal recognizance. If, as here, a defendant is on release on a surety bond at the time he seeks personal recognizance on the same charge, then he obviously is not seeking release, but rather is simply seeking to

modify the type of bond on which he has already been released. In such circumstances the provisions of § 16–4–107, C.R.S. (1986 Repl.Vol. 8A) are not applicable.

Moreover, there is no purpose to the notification requirement which sureties would have us read into the factual situation before us. If, as is the case here, the court grants a defendant personal recognizance and the surety is released from its contract, then the surety's risk is ended and there is, therefore, no need to afford the surety notice of the change in the type of bond, or an opportunity to surrender the defendant.

In contrast, under the factual circumstances to which we have held that § 16–4–105(1)(p) is designed to apply, there is a clear increase in the surety's risk in that the surety remains on the initial bond, while the defendant faces additional charges and therefore has an additional reason to flee. In this situation, the statutory requirement of notification of the surety on the original bond prior to the defendant's release on personal recognizance is indeed reasonable.

Our resolution of this notice issue also disposes of sureties' contention that the court should have determined the amount, if any, of the premium refund due defendant at the same hearing. Since the sureties' presence was not required at the modification hearing, but was, at the very least, desirable at the hearing concerning the refund, the court acted properly in delaying its decision on the refund until sureties and their counsel were present.

Sureties' contention that more than the statutory 30 days had passed between the date the sureties posted bond and the date the type of bond was changed is without merit. The surety bond was posted on April 12, and personal recognizance was granted on April 18. The 30–day statutory period set out in § 16–4–108(1.5), C.R.S. (1986 Repl.Vol. 8A) applies to the interval between the posting of the bond and any change in its conditions, and not to the time within which an order for refund must enter. *People v. Perse,* 750 P.2d 923 (Colo. App.1988).

 The determination of the amount of premium refund due to the defendant is a matter within the trial court's discretion and the court may not be reversed absent an abuse of that discretion. The sureties neither presented evidence nor made any offer of proof to establish what amount should be properly refunded. Thus, the court's determination here that the sureties should retain $100 for their six-day risk was well within its discretion. *See People v. Perse, supra.*

The order of the trial court is, therefore, affirmed.

DAVIDSON and RULAND, JJ., concur.