**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**John W. BOSSERT, Defendant,**

**and Concerning David Wildhalm and National American Insurance Company, Sureties–Appellants.**

**No. 91CA2121.**

Colorado Court of Appeals, Div. III.

Feb. 25, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan Arnold Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Lozow, Lozow and Elliott, Charles W. Elliott, Denver, for sureties-appellants.

Opinion by Judge SMITH.*

Sureties, David Wildhalm and National American Insurance Company, appeal from the judgment of $50,000 entered against them on the forfeiture of the bond they posted for the release of defendant, John W. Bossert. We affirm.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

---

Sureties seek to be exonerated from liability on the bond because they assert that certain law enforcement officers materially increased their risk without their knowledge and consent by certain actions taken by such officers involving defendant after sureties had posted the bond. We disagree.

Not every "event" which materially increases the risk contractually assumed by a surety operates to discharge the surety's obligation on the bond. Rather, only modifications in the conditions of the bail bond agreement by the defendant (as the principal) *and the trial court* (as the creditor) without the surety's consent which materially increase the risk of the defendant's non-appearance have the effect of discharging the surety's contractual liability on the bond. *People v. Tyler*, 797 P.2d 22 (Colo. 1990).

Here, by way of an offer of proof at a show cause hearing, sureties asserted that certain state and federal law enforcement officers had materially increased their risk on the bond at issue without their knowledge and consent, by their apprehension and release of defendant for further criminal activities and their subsequent use of defendant as an informant resulting from this incident. However, as conceded by sureties, *the trial court* had nothing to do with, and was not aware of, these events.

Thus, as noted by the trial court, there was no modification made to the terms of the bond agreement at issue here by any of the parties to the agreement. We specifically hold that, with respect to bail bond agreements, law enforcement officers are not officers of the court and they are not parties to a bond agreement such as that present here. Consequently, the alleged actions of the law enforcement officers here are not binding on the court and cannot operate to discharge sureties' contractual liability on the bond, regardless of whether those actions had the effect of increasing the sureties' risk. *See People v. Tyler, supra.*

Accordingly, we perceive no error in the trial court's entry of judgment against sureties on the forfeiture of the bond. *See* § 16-4-109(3), C.R.S. (1986 Repl.Vol. 8A); *People v. Tyler, supra; see also People v. Rothe,* 43 Colo.App. 274, 606 P.2d 79 (1979) (law enforcement officer's actions in arresting and releasing defendant on separate criminal matter after defendant was free on bond constituted insufficient grounds for exoneration of surety's liability on bonds previously posted by surety for different offenses).

Judgment affirmed.

CRISWELL and ROTHENBERG, JJ., concur.