The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Jeffrey Alan CARRETHERS,
Defendant–Appellee,

and Concerning Ione Mathes,
Surety–Appellant.

No. 92CA1510.

Colorado Court of Appeals,
Div. II.

Dec. 16, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan A. Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

No appearance for defendant-appellee.

Robert S. Berger, P.C., Robert S. Berger, Denver, for surety-appellant.

Opinion by Judge TAUBMAN.

In this bail bond dispute, surety, Ione Mathes, appeals from the trial court judgment which required her to refund the bond premium paid by defendant, Jeffrey Alan Carrethers. We affirm.

Defendant was charged as a fugitive from New Mexico on June 1, 1993 and bail was set at $10,000 the following day. On June 3, 1992, surety posted the bail bond for the release of defendant from custody. Defendant appeared before the court on June 8 and June 12. On June 29, 1992, surety surrendered defendant back into custody in open court.

The trial court accepted the surrender and thereupon discharged the bond and released surety from any further obligation on the bond. Nevertheless, because the bond was thereby prematurely terminated, the trial court further ordered surety to refund the bond premium to the defendant. This appeal followed.

On appeal, surety contends that the trial court lacked any authority to order the refund of the bond premium under the circumstances here. Specifically, surety asserts that the trial court's action was not authorized pursuant to § 16–4–108(1)(c), C.R.S. (1986 Repl.Vol. 8A), because defendant alleg-

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

edly was not surrendered until after the appearance date fixed in the bond.

We conclude that the trial court's action in ordering the refund of the bond premium here was authorized under the provisions of § 16–4–108(1)(c).

Under § 16–4–108(1)(c), a trial court is authorized to order the refund of a bond premium in order to prevent unjust enrichment in situations in which a surety is exonerated by surrendering a defendant "prior to the appearance date fixed in the bond." Thus, the resolution of this issue turns upon a determination of the defendant's appearance date.

Here, although the *initial* appearance date set forth in the bond agreement was June 8, 1992, other terms of the bond agreement expressly provided that the bond could be "continued" in effect at least until defendant's conviction and that surety would be responsible for defendant's appearances "on such dates as directed." Moreover, by statute, a pretrial bail bond "shall continue in effect" at least until the point of conviction. *See* § 16–4–106, C.R.S. (1993 Cum.Supp.); § 16–4–201, C.R.S. (1986 Repl.Vol. 8A); *see also Rodriquez v. People*, 191 Colo. 540, 554 P.2d 291 (1976) (reconciling conflicting language of §§ 16–4–106 and 16–4–201 regarding statutorily mandated duration of pretrial bail bond agreements).

Furthermore, while § 16–4–108(1)(c) refers to a defendant's "appearance *date*" in the singular, § 2–4–102, C.R.S. (1980 Repl. Vol. 1B) provides that, in interpreting statutes, "[t]he singular includes the plural...." Applying that rule here, we conclude that § 16–4–108(1)(c) is not limited to defendant's initial appearance date but also includes such other dates to which defendant's case was continued up to the date of conviction. *See Van Gilder v. People*, 75 Colo. 515, 227 P. 386 (1924).

Thus, contrary to surety's argument, defendant was indeed surrendered prior to the last appearance date covered by the bond here, and the trial court's action in ordering the refund of the bond premium in this matter was therefore authorized pursuant to § 16–4–108(1)(c). *See People v. Walker*, 665 P.2d 154 (Colo.App.1983), *aff'd on other grounds sub nom. Yording v. Walker*, 683 P.2d 788 (Colo.1984) (noting that § 16–4–108(1)(c) creates a remedy to prevent unjust enrichment under circumstances in which a surety's risk has been prematurely terminated by its action in precipitously surrendering a defendant). We conclude that the trial court did not abuse its discretion in ordering a refund of the bond premium to prevent unjust enrichment in the circumstances presented here.

Surety further asserts that the trial court's action also was not authorized pursuant to § 16–4–108(1.5), C.R.S. (1993 Cum.Supp.), because the court allegedly never altered the terms or conditions of the bond. Because we find no merit in the surety's first claim, we do not reach this contention.

Accordingly, the judgment is affirmed.

TURSI and NEY, JJ., concur.