The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Shirell J. GOLDSMITH, Defendant,

and Concerning Jerry Olsen,
Surety, Appellant.

No. 95CA1895.

Colorado Court of Appeals,
Div. V.

April 3, 1997.

As Modified on Denial of Rehearing
May 1, 1997.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, E. Michael Hoffman, Special Assistant Attorney General, Denver, for Plaintiff-Appellee.

Newell and Martens, Steven P. Martens, Denver, for Appellant.

Opinion by Judge ROY.

In this bail bond dispute, Jerry Olsen (bondsman) appeals from the trial court order requiring him to refund a portion of the premium paid on the bail bond he posted as surety for the release of defendant, Shirell Goldsmith. We reverse.

The pertinent facts are not in dispute. On December 28, 1994, defendant was arrested on a complaint charging him with violating his probation by having committed third degree assault in a domestic dispute. Bond was set at $25,000, cash or surety. Bondsman, upon receipt of a $2,500 premium, posted a surety bond on December 30, 1994, and defendant was released from custody. Steve Ruddock (claimant) contributed $1,750 of the bond premium, and he filed a motion for the refund of all, or a portion, of the premium.

On January 4, 1995, defendant was arrested on a complaint charging him with violating his probation by having used illegal drugs, and bond was set at $25,000, cash or surety. Defendant could not post or obtain a modification of the second bond, remained incarcerated throughout the revocation proceedings, had his probation revoked, and was sentenced to eight years in prison.

At the sentencing hearing, the trial court heard claimant's motion seeking a refund of a portion of the bond premium paid on the grounds of unjust enrichment. Claimant argued that, because defendant had been on bond for only five days before the second arrest, it would be inequitable to allow bondsman to keep the full premium.

The contract, if any, between the bondsman, the defendant, and the claimant was not introduced into evidence. Hence, our review is limited to the applicable statutes and law.

Our statutes authorize the trial court to order a refund, or a partial refund, of a bail bond premium upon exoneration of the surety in two instances, neither of which is applicable here. Section 16–4–108(1)(c), C.R.S. (1986 Repl.Vol. 8A) permits the refund of a bail bond premium to the extent necessary to avoid unjust enrichment upon exoneration of the surety by surrendering a defendant prior to the date fixed in the bond. *See People v. Carrethers,* 867 P.2d 189 (Colo.App.1993) (applies when surrender occurs prior to scheduled appearance date). Section 16–4–108(1.5), C.R.S. (1996 Cum.Supp.) permits the refund of a bail bond premium to the extent necessary to avoid unjust enrichment when the terms and conditions of such bond are changed or altered within ten working days after its posting. *See People v. Perse,* 750 P.2d 923 (Colo.App.1988).

The first statutory situation apparently involves the exoneration of a surety who surrenders the defendant into custody to terminate the surety's exposure and may occur when the surety determines the exposure is no longer, or was not at the inception, acceptable. The second appears to be a codification of *Yording v. Walker,* 683 P.2d 788 (Colo.1984).

In *Yording,* the defendant was released on bond after being charged with first degree murder with the plaintiff acting as surety. The trial court then reconsidered the bond and concluded that the defendant was not eligible for bond and that its original order setting bond was in error. The defendant was then returned to custody and moved for a refund of all, or part, of the bail bond premium. From a denial of his motion the

defendant appealed. The supreme court reversed and, after determining there was no statutory authority for ordering a premium refund, concluded that the trial court had inherent authority to correct its own errors.

The *Yording* court stated:

A trial court's common-law authority to conduct judicial proceedings necessarily includes the authority to correct errors of law made during the course of such proceedings. . . . In this case, the trial court concluded that it had made an error of law in granting bail to defendant. In correcting that self-proclaimed error, it did not lose its inherent authority to reconsider the conditions of bail it had previously established. While questions concerning restitution of premium payments might also be addressed in the context of civil litigation, . . . we find no statutory restriction on the authority of trial courts in conducting criminal proceedings to consider the question of refunding premium payments made as a result of a ruling found erroneous as a matter of law. Thus . . . the trial court erred in concluding that it lacked authority to order a refund of some or all of the premium payment made to the surety as a result of the trial court's erroneous grant of bail.

*Yording v. Walker, supra,* 683 P.2d at 791.

The People, relying on *Yording,* argue that the trial court has general common law equitable jurisdiction to order a refund of a bail bond premium to avoid unjust enrichment. However, we do not read *Yording* that broadly and conclude, instead, that the rule of *Yording* is limited to those instances in which the premium is paid as the result of an error in law. In addition, under the facts of *Yording,* the bond was revoked, the defendant was returned to custody, and the surety was effectively exonerated prior to any consideration of the refund of premium.

Section 16–4–108(1.5) is broader than the rule in *Yording* in that it permits a refund under circumstances other than an error of law subject to the time limitation.

Under the circumstances of this case, the surety was not exonerated by the arrest and incarceration of defendant on a separate probation violation.

In *People v. Jaramillo,* 163 Colo. 39, 428 P.2d 67 (1967), the defendant was arrested and was released on a surety bond. The defendant was then arrested on a separate charge and was released on a separate surety bond. While free on both bonds, the defendant was sentenced to jail for a third offense, was incarcerated, escaped, and failed to appear on the return dates of his outstanding bonds. The trial court denied forfeiture on the grounds that the subsequent incarceration of the defendant removed him from the control of the sureties. The supreme court reversed and held that the trial court was powerless to create a fourth method of exoneration when the then criminal rule recognized only three, *i.e.,* satisfaction of the conditions of the bond, payment, or surrender of the defendant into custody prior to the entry of judgment against the surety.

While § 16–4–108, C.R.S. (1986 Repl.Vol. 8A) now recognizes additional grounds for exoneration of the surety, reincarceration of the defendant on separate charges is not included among them.

The statute implicates equitable concepts by the use of the term "unjust enrichment." But, the term refers, and is limited, to the determination of whether to grant, and the amount of, a refund and does not create any general equitable power to grant a refund. The brief discussion in *People v. Perse, supra,* of general equitable concepts upon which the People rely in part does not persuade us to the contrary.

Therefore, we hold that, under the circumstances here, the trial court was without authority to order a refund of the bail bond premium.

Because of our resolution of this issue, we need not address the remaining issues raised on appeal.

The order is reversed.

DAVIDSON and ROTHENBERG, JJ., concur.