The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jack GONZALES, Defendant,

and

Concerning Robert Silburn, bail bond agent, and Pioneer General Insurance, surety, Appellants.

No. 99CA2493.

Colorado Court of Appeals, Div. IV.

May 24, 2001.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Lozow & Lozow, P.C., Bradley A. Lozow, Denver, CO, for Appellant.

Opinion by Judge KAPELKE.

In this bail bond dispute, surety, Pioneer General Insurance, and its agent, Robert Silburn (collectively "surety"), appeal from the trial court judgment requiring refund of the premium paid on a bond erroneously issued concerning Christian Jackson, who was not otherwise involved in this case. We affirm.

The relevant facts are not in dispute. Felony drug charges were filed against a single defendant, Jack Gonzales, in this case. On October 28, 1999, Gonzales was released from custody on a $5000 bond posted by a different surety. Gonzales thereafter failed to appear as required, and a separate judgment has since been entered against that surety on the forfeiture of that bond.

While Gonzales was still in custody, Christian Jackson was also in custody on other charges. By mistake, however, the authorities at the jail required Jackson, in order to

obtain his release from custody, to post a $25,000 bond in the case involving the drug charges against *Gonzales*. Upon payment of a $2500 bond premium by Jackson, surety posted this bond for Jackson's release on October 27, 1999.

When Jackson appeared in court on the bond return date of November 18, 1999, the trial court determined that Jackson had nothing to do with this case and apparently released the bond and ordered surety to refund the bond premium. The trial court thereafter denied surety's motion for reconsideration, ruling that the "bond issued was required by mistake in a case not involving Christian Jackson *in any way*," and that surety "had no risk on this case."

At surety's request, the trial court later suspended the refund order pending an evidentiary hearing. Following the hearing, the trial court again denied the motion for reconsideration, ruling as a matter of law that the bond was required by "mistake" and should never have been posted, because Jackson was never a defendant in this case and no court ever required him to post a $25,000 bond in this matter. The court further ruled that surety would be "unjustly enriched" if allowed to retain the bond premium under these circumstances.

The judgment requiring surety to refund the premium to Jackson was thereafter reduced to writing, and this appeal followed.

Surety contends that the trial court erred in ordering him to refund the bond premium. Surety asserts that the trial court lacked authorization to order the refund because of the prior expiration of the limitation period set forth in § 16–4–108(1.5), C.R.S.2000. In addition, surety challenges the trial court's unjust enrichment determination. We are not persuaded.

■ In our view, § 16–4–108(1.5) is inapplicable to the circumstances here, and we agree with the People that the trial court properly exercised its discretion in ordering the refund under its common law authority to correct errors made in the issuance of a bond.

Section 16–4–108(1.5) provides statutory authorization for a trial court to order a surety to refund a bond premium if necessary to prevent unjust enrichment in situations in which, "within ten working days after the posting of a bond by a defendant," the terms and conditions of the bond are changed or altered. This section further provides that the court shall not order any such refund if "more than ten working days have elapsed after posting of a bond by a defendant."

Based on the plain language of these provisions, we conclude that § 16–4–108(1.5) is inapplicable to the circumstances here, because the bond at issue did not involve "a defendant," but rather a nonparty. Thus, the ten-day time limit of § 16–4–108(1.5) does not apply to the refund issues concerning the bond erroneously required to be posted by Jackson, a nonparty, in this case.

For the same reason, § 16–4–108(1)(c), C.R.S.2000, which authorizes bond premium refunds in certain situations involving the premature surrender of a defendant, is also inapplicable to this case.

■ Nevertheless, even in the absence of any statutory authorization, trial courts have common law authority to order bond premium refunds in limited circumstances involving the correction of errors in the issuance of a bond. *See Yording v. Walker*, 683 P.2d 788 (Colo.1984); *see also People v. Goldsmith*, 955 P.2d 561 (Colo.App.1997).

In *Yording*, the supreme court held that the trial court had common law authority to order a bond premium refund when it revoked a bond upon determining that it had earlier erroneously granted bail to the defendant in a first degree murder case. *Cf. People v. Goldsmith, supra* (trial court lacked either statutory or common law authority to order bond premium refund when defendant was later incarcerated on additional charges after posting bond on original charges).

Here, as in *Yording*, the bond should never have been required or posted, as there was no proper basis for its issuance. Because the bond was erroneously issued in this case, we conclude that the trial court had common law authority to rectify that mistake by ordering the refund of the bond premium. *See Yording v. Walker, supra.*

Contrary to surety's argument, we find no abuse of discretion or error in the trial court's determination that a refund was appropriate to prevent unjust enrichment. As noted by the trial court, surety had no risk on this bond, because Jackson was never a defendant in this case. As a nonparty, Jackson had no charges pending against him in this matter and therefore no obligation to appear to answer any charges. Consequently, surety incurred no risk of forfeiture upon any failure by Jackson to appear, and yet Jackson was erroneously required to pay a $2500 bond premium in order to obtain his own release.

Under these circumstances, we thus find no basis for reversing the judgment requiring surety to refund the bond premium to Jackson. *See People v. Perse*, 750 P.2d 923 (Colo.App.1988); *see also People v. Anderson*, 789 P.2d 1115 (Colo.App.1990).

The judgment is affirmed.

DAVIDSON and RULAND, JJ., concur.