The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Hiroatsu NISHIKAWA, a/k/a Hiroatsu Yosahida, Defendant,

and Concerning David Frisco, Surety–Appellant.

No. 00CA1083.

Colorado Court of Appeals, Div. III.

Aug. 2, 2001.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Michael R. Brown, Greeley, CO, for Surety Appellant.

Opinion by Judge DAILEY.

Surety, David Frisco, appeals from the judgment of $25,000 entered against him on the forfeiture of the bail bond he posted for the release of defendant, Hiroatsu Nishikawa. We affirm.

The relevant facts are not in dispute. In November 1998, surety posted a $25,000 bail bond for defendant's release from custody on four felony drug charges. Because defendant was also charged under the special offender statute, he faced, if convicted, mandatory enhanced sentences of eight to forty-eight years incarceration. *See* § 18–18–407(1)(a), C.R.S.2000 (special offender must be sentenced "to a term of at least the minimum term of years within the presumptive range for a class 2 felony but not more than twice the maximum years within the presumptive range for a class 2 felony"); § 18–1–105(1)(a)(V)(A), C.R.S.2000 (eight years is the minimum term within the presumptive range for a class 2 felony; twenty-four years is the maximum term in the presumptive range for a class 2 felony).

In December 1998, the trial court granted the People's motion to amend the information by adding another count charging defendant with a class 4 felony of tampering with a witness or victim in the case in violation of § 18–8–707, C.R.S.2000. Because this offense was allegedly committed while defendant was free on the bond previously posted, defendant faced an enhanced sentence of incarceration from two to twelve years if convicted on this charge under §§ 18–1–105(1)(a)(V)(A) and 18–1–105(9.5)(a), C.R.S.2000.

The trial court required no new bond upon the filing of the additional charge, and defendant was allowed to remain free on the existing bond. No notice of any of these actions was provided to surety.

Subsequently, defendant failed to appear at trial, the trial court ordered forfeiture of the bond, and surety requested a hearing to show cause why judgment should not be entered on the forfeiture.

Surety thereafter filed a motion to vacate the bond forfeiture, seeking exoneration from any liability on the bond. Among other things, surety asserted, as he does here on appeal, that the trial court had materially increased his risk on the bond without his consent by allowing the filing of the additional felony charge in the same case while the original bond continued in effect. The trial court implicitly rejected surety's arguments and denied the motions as it instead entered a final judgment against him on the forfeiture. We also reject those arguments.

In furnishing a bond, a surety undertakes a calculated risk, and modifications in the conditions of the bail bond agreement by the trial court that materially increase that risk without the consent of the surety terminate the surety's obligation on the bond. *People v. Jones,* 873 P.2d 36, 37 (Colo.App. 1994); *see People v. Tyler,* 797 P.2d 22, 23 (Colo.1990).

Here, under the terms of the bond agreement, surety agreed to guarantee defendant's court appearances to answer for the drug charges on which defendant had been arrested and was then in custody. By continuing this bond while allowing a new felony charge to be filed in the same case based on a subsequent offense, the trial court expanded surety's obligations beyond those explicitly assumed under the bond. The issue, however, is whether the trial court materially increased the surety's risk of non-appearance by defendant.

Surety concedes that the possibility that defendant would reoffend after his release on bond is one of the risks he contractually assumed in posting bond. *See People v. Soto–Gallegos,* 953 P.2d 946 (Colo.App. 1997). However, relying upon *People v. Smith,* 645 P.2d 864 (Colo.App.1982), *People v. Jones, supra,* and § 16–4–105(1)(p), C.R.S. 2000, he argues that the filing of the addi-

tional felony charge in this case materially increased his risk. We are not persuaded.

In *People v. Smith, supra,* a surety posted a bond for the defendant's misdemeanor charge of driving under the influence. Subsequently, the prosecution filed an additional charge of driving after judgment prohibited, a felony carrying with it a mandatory prison sentence. Although the court increased the defendant's bond, it permitted the defendant to make up the difference by obtaining a second bond from another surety. The initial surety was not advised of the new charge or of the application of its bond to the new charge. On appeal, a division of this court determined that the trial court's actions discharged the initial surety because the "nonappearance of defendant became more likely when defendant faced a mandatory prison sentence." *People v. Smith, supra,* 645 P.2d at 865.

In *People v. Jones, supra,* sureties posted bond for a defendant who was facing a mandatory minimum sentence of incarceration for twenty-four years and one day if convicted of various drug charges. Subsequently, the prosecution filed habitual criminal charges, which caused the defendant, if convicted, to face a mandatory sentence of life imprisonment. The trial court continued the existing bond without giving notice to, or seeking the consent of, the sureties. On appeal, a division of this court held the trial court's actions had, as a matter of law, discharged the sureties' obligations on the bond. "The substantial increase in the length of the mandatory minimum sentence facing defendant as a result of the subsequent filing of the habitual criminal charges materially increased the risk that defendant would fail to appear for trial and materially increased the risk that sureties had contractually agreed to undertake on the drug charges pending at that time." *People v. Jones, supra,* 873 P.2d at 37–38.

The present case is distinguishable in significant respects from both *Smith* and *Jones.* Here, unlike the defendant in *Smith,* defendant did not face a mandatory prison sentence if convicted upon the additional felony charge. And, unlike *Jones,* defendant did not face a substantial increase in the length of a minimum mandatory sentence.

Here, from the outset, defendant was, for all intents and purposes, facing enhanced class 2 felony penalties of eight to forty-eight years incarceration on each of the four drug charges; the addition of a class 4 felony charge, involving a potential sentence of two to twelve years incarceration, would not have significantly increased the likelihood that he would jump bail.

Consequently, the addition of the charge of tampering with the witness or victim did not materially increase surety's risk under the bond. *See United States v. Casey,* 671 F.2d 975, 977 (6th Cir.1982)(adding two counts of possession with intent to sell narcotics to a multi-count indictment that already included more serious narcotics charges did not materially increase risk of defendant's flight); *State v. Vaughn,* 11 P.3d 211, 215 (Okla.2000)(adding four felony counts of the same felony class, which originated from the same transaction as the original charges and increased the maximum sentence from life plus twenty years to two life sentences plus fifty years, did not materially increase surety's risks under the bond).

Contrary to surety's argument, § 16–4–105(1)(p) does not afford him any basis for relief. That provision applies to a different situation, i.e., where a defendant is released on personal recognizance on any additional charges, and it may not be extended to the facts of the present case. *See People v. Soto–Gallegos, supra.*

Thus, in these circumstances, we conclude that the trial court's actions in continuing the bond posted on the drug charges after allowing the filing of an additional felony charge in the same case without surety's knowledge and consent did not terminate surety's obligations on the bond.

Accordingly, the judgment on the forfeiture is affirmed.

Judge JONES and Judge MARQUEZ concur.