COLORADO COURT OF APPEALS                                    2017COA131

Court of Appeals No. 16CA1474
Weld County District Court No. 14CR2065
Honorable Thomas J. Quammen, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Thomas Fallis,

Defendant-Appellee,

and

Alfred Perna,

Surety-Appellant.

_____

ORDER VACATED

Division V
Opinion by JUDGE ASHBY
Román and Navarro, JJ., concur

Announced October 19, 2017

_____

Cynthia H. Coffman, Attorney General, Christine Brady, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Zonies Law LLC, Sean Connelly, Denver, Colorado; Eytan Nielsen LLC, Iris
Eytan, Dru Nielsen, Tiffany Drahota, Denver, Colorado, for Defendant-Appellee

The Stout Law Firm, LLC, Stephanie Stout, Greeley, Colorado, for Surety-
Appellant

¶ 1     Surety, Alfred Perna, appeals from the district court's order granting in part the motion of defendant, Thomas Fallis, for return of the bond premium.  We vacate because we conclude that section 16-4-110, C.R.S. 2017, does not grant authority to the court to refund a bond premium under the circumstances of this case.

## I.  Background

¶ 2     Defendant was charged and arrested for allegedly murdering his wife.  The district court set a $500,000 bond.  Defendant posted bond through Mr. Perna by paying a $25,000 premium.  Thereafter, he fully cooperated with all court orders and appeared at all hearings.  Fourteen months later, just before defendant's trial was to begin, Mr. Perna moved to surrender defendant back into the custody of the court.  The court granted the motion.  Defendant spent several days in jail while his family secured a second bond and paid another $25,000 premium to a different surety to secure defendant's release.  Defendant was ultimately acquitted.

¶ 3     Defendant moved for return of the premium he had paid to Mr. Perna.  The court partially granted the motion.  The court concluded that Mr. Perna would be unjustly enriched if he were

allowed to keep the entire premium. The court also found, however, that Mr. Perna had provided a service and was entitled to retain a portion of the premium in exchange for the benefit conferred (fourteen months of freedom). The court found that the risk taken by Mr. Perna in securing this bond was similar to a high risk investment contemplated by section 5-12-103(1), C.R.S. 2017, and applied the maximum forty-five percent usury rate found therein. Accordingly, it ordered Mr. Perna to return $11,031.25 to defendant.

## II. Unjust Enrichment

¶ 4 Mr. Perna contends that the district court erred by ordering that he refund a portion of the bond premium to defendant. We agree.

¶ 5 "The determination of the amount of premium refund due to the defendant is a matter within the trial court's discretion and the court may not be reversed absent an abuse of that discretion." *People v. Anderson*, 789 P.2d 1115, 1117 (Colo. App. 1990). A court abuses its discretion where its decision is manifestly arbitrary,

unreasonable, or unfair, or is based on a misapplication or misunderstanding of the law. *People v. McFee*, 2016 COA 97, ¶ 17.

¶ 6    In this instance, resolution of Mr. Perna's contention requires us to interpret section 16-4-110. Thus, our review is de novo. *See People In Interest of J.G.*, 2016 CO 39, ¶ 13. Our primary goal in interpreting statutes is to ascertain and give effect to the legislature's intent. *Id.* We do this by first looking to the plain language of the statute, giving words their ordinary meanings. *Id.* If the terms are clear, we apply the statute as written. *Id.*

¶ 7    In ordering Mr. Perna to refund a portion of defendant's premium, the district court relied primarily on section 16-4-110(1)(d) and *People v. Carrethers*, 867 P.2d 189 (Colo. App. 1993). The relevant portion of section 16-4-110(1)(d) provides that "[i]f a compensated surety is exonerated by surrendering a defendant prior to the initial appearance date fixed in the bond, the court, after a hearing, may require the surety to refund part or all of the bond premium paid by the defendant if necessary to prevent unjust enrichment." This is a different version of the statute from the one that was interpreted by the division in *Carrethers*.

¶ 8     The statute as it existed when *Carrethers* was decided was identical except for one important change: it did not contain the term "initial."  Thus, it provided that if a surety was exonerated by surrendering a defendant "prior to the appearance date fixed in the bond," the court could order the surety to return all or part of the premium to prevent unjust enrichment.  § 16-4-108(1)(c), C.R.S. 1993.  The *Carrethers* division concluded that because another statute, section 16-4-106, C.R.S. 1993, provided that "a pretrial bail bond 'shall continue in effect' at least until the point of conviction," and because it is generally accepted that use of the singular in a statute includes the plural, "[section] 16-4-108(1)(c) is not limited to defendant's initial appearance date but also includes such other dates to which defendant's case was continued up to the date of conviction."  *Carrethers*, 867 P.2d at 190.  Accordingly, the division concluded that the district court had the authority to order return of the premium even though the surety surrendered the defendant after his initial appearance.  *Id.*

¶ 9     In 2013, the legislature repealed and reenacted the entire part of title 16, article 4 containing the relevant statutes.  In doing so, it

added the term "initial" before the phrase "appearance date fixed in the bond." Ch. 202, sec. 2, § 16-4-110(1)(d), 2013 Colo. Sess. Laws 832. We presume this was an intentional amendment, made with full awareness and understanding of pre-existing law. *See People v. Sandoval*, 2016 COA 57, ¶ 36 ("The General Assembly is presumed cognizant of relevant judicial precedent when it enacts legislation in a particular area. And, when a statute is amended, the judicial construction previously placed upon that statute is deemed approved by the General Assembly to the extent the provision remains unchanged." (quoting *U.S. Fid. & Guar., Inc. v. Kourlis*, 868 P.2d 1158, 1162-63 (Colo. App. 1994))); *see also Colo. Ethics Watch v. Senate Majority Fund, LLC*, 2012 CO 12, ¶ 20. Thus, we interpret the statute to mean what it says; namely, that under section 16-4-110(1)(d), a court may order return of the premium to prevent unjust enrichment only if the surrender occurred prior to the defendant's initial appearance.

¶ 10    Here, Mr. Perna surrendered defendant to the court fourteen months after the court process began. This was well after defendant's initial appearance. Accordingly, we conclude that the

court was without the authority to order Mr. Perna to refund all or part of defendant's premium. Though we recognize that such a provision may result in harsh consequences, as it does here, we are bound by the statute and the legislature's clear intent.

¶ 11    To the extent defendant argues on appeal that, regardless of the statute, Mr. Perna breached their contract and so we should apply basic rules of contract construction, we note that this issue was not argued before the district court. Thus, we will not address it. *See People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998) ("It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal."); *see also Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.*, 2012 CO 61, ¶ 18. We express no opinion as to whether defendant may pursue a separate civil action for relief. *See Vaughn v. Dist. Court*, 192 Colo. 348, 350, 559 P.2d 222, 223 (1977).

### III.  Conclusion

¶ 12    Therefore, we vacate the district court's order refunding a portion of the bond premium to defendant. Based on our resolution

of this issue, we need not address Mr. Perna's remaining contentions.

JUDGE ROMÁN and JUDGE NAVARRO concur.